[Crim. No. 7914.   In Bank.   July 30, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. ROY
CHARLES BURKE, Defendant and Appellant.

George T. Davis, under appointment by the Supreme Court, and Charles H. Matthews, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

GIBSON, C. J.—The sole question presented on this appeal is whether certain evidence introduced at the trial of defendant was obtained as the result of an illegal search and seizure.

About 4 a.m. on February 22, 1962, Dr. Norman Lavet went to his office at 1449 North Gardner Street, Los Angeles, in answer to a call from the police. He found that his office had been ransacked and that several items were missing, including an X-ray negative and some bottles of Demerol (which the doctor referred to as a narcotic agent). At 6:30 a.m. on the same day, a police officer observed two men in an automobile driving slowly along Robertson Boulevard in Beverly Hills, looking at office buildings. He followed and saw them park the car, and after about five minutes enter the open archway of a nearby building. Numerous burglaries had recently been perpetrated in the neighborhood, and the officer radioed for assistance, parked his car, and approached the building through the archway. He saw defendant standing by a closed door leading into the building. Defendant saw the police officer and said something, apparently to his companion, who appeared immediately and ran toward the back of the building. He stopped when the officer ordered him to halt.

When questioned by the officer as to why they were in the building, defendant said they were looking for ''something in the restaurant supply,'' but when the officer pointed out that there was no business of that kind in the building defendant remained silent. Because of the unsatisfactory explanation and the suspicious actions of the two men, the officer arrested them. Another officer arrived shortly thereafter in response to the radio call, and defendant was put into a police car. An officer saw defendant put his hand behind the back of the seat of the police car, and a screwdriver was later found behind the seat where defendant had been sitting. A pair of gloves was found in the front seat of defendant's car. Defendant told the officers that the car he was driving belonged to him and he gave some keys to an officer, who tried to unlock the trunk but none of the keys would open it. According to defendant he had loaned the car to his companion the night before and had given him a key ring containing three keys, including the ignition key and the trunk key, and did not notice that the trunk key had not been returned to him until the officer tried unsuccessfully to unlock the trunk. The trunk was not searched at the scene of the arrest.

Defendant was taken to the police station, and his car was towed to the police impound lot, where the trunk was opened

and searched by police officers. They found a large manila envelope containing an X-ray negative and "a package containing assorted pills." There was no evidence with respect to when the search was made, but it must have occurred before 3 o'clock in the afternoon on the day of the arrest because defendant was questioned at that time about the articles found in the trunk.

The X-ray negative, gloves, and screwdriver were admitted in evidence over defendant's objection that they were obtained as the result of an illegal search and seizure.

It does not appear that the police officers had a search warrant, and in the absence of such a showing we must conclude that they did not have one. (Cf. *Mapp* v. *Ohio* (1961) 367 U.S. 643, 645 [81 S.Ct. 1684, 6 L.Ed.2d 1081, 1084, 84 A.L.R.2d 933, 938].) Ordinarily proof of the existence of a search warrant is a simple matter, and in the face of an objection that the evidence has been illegally obtained it seems obvious that the prosecution will produce a warrant if one exists. The cases of *People* v. *Maddox* (1956) 46 Cal.2d 301 [294 P.2d 6], *People* v. *Citrino* (1956) 46 Cal.2d 284 [294 P.2d 32], and *People* v. *Farrara* (1956) 46 Cal.2d 265 [294 P.2d 21], are distinguishable; in those cases there was no objection on the ground that the evidence was illegally obtained, and, although the failure to object was excused because the cases were tried prior to *People* v. *Cahan* (1955) 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513], the special rules applied due to this circumstance are not controlling in cases tried after *Cahan*. In *Badillo* v. *Superior Court* (1956) 46 Cal.2d 269, 272 [294 P.2d 23], the evidence established that the search was made without a warrant, and the language in the opinion must be viewed in the light of this fact. *People* v. *McNeal* (1963) 212 Cal.App.2d 731, 735 [28 Cal.Rptr. 173], and *People* v. *Johnson* (1961) 195 Cal.App.2d 573, 574-575 [16 Cal.Rptr. 1], are disapproved insofar as they are inconsistent with our conclusion.

Where officers are not responding to an emergency there must be compelling reasons and exceptional circumstances to justify a search in the absence of a search warrant. (*McDonald* v. *United States* (1948) 335 U.S. 451, 454-455 [69 S.Ct. 191, 93 L.Ed. 153, 158].) One exception established in the law is the right to make a search without a warrant as an incident to a lawful arrest. (*United States* v. *Rabinowitz* (1950) 339 U.S. 56, 60-61 [70 S.Ct. 430, 94 L.Ed. 653, 657]; *In re Dixon* (1953) 41 Cal.2d 756, 761-

762 [264 P.2d 513].) The courts have recognized a distinction between a search of a building and a search of an automobile. ■ Generally, there can be no search of a house without a search warrant except as an incident to a lawful arrest therein, and probable cause to believe that an article sought is concealed in the house furnishes no justification for a search of that place without a warrant. (*Chapman* v. *United States* (1961) 365 U.S. 610, 613 [81 S.Ct. 776, 5 L.Ed. 2d 828, 831]; *People* v. *Shelton* (1964) 60 Cal.2d 740, 744 [36 Cal.Rptr. 433, 388 P.2d 665].) With respect to automobiles the courts have pointed out that it is not always practicable to obtain a warrant for search of a vehicle which can quickly be moved out of the locality, and, therefore, in some instances a search without a warrant will be justified by probable cause to believe that an automobile contains articles which by law are subject to seizure. (*Carroll* v. *United States* (1925) 267 U.S. 132, 149-153 [45 S.Ct. 280, 69 L.E. 543, 39 A.L.R. 790]; *People* v. *Terry* (1964) *ante,* pp. 137, 152-153 [37 Cal.Rptr. 605, 390 P.2d 381]; see *Chapman* v. *United States, supra,* 365 U.S. 610, 615 [81 S.Ct. 776, 5 L.Ed.2d 828, 833].)

*Preston* v. *United States* (1964) 376 U.S. 364, 366-367 [84 S.Ct. 881, 882 et seq., 11 L.Ed.2d 777, 780] involved a factual situation very similar to the one before us. In *Preston* the city police arrested several men who were in a parked automobile and, at the time, searched them but not the car. After the car was taken to a garage and the men were booked at a police station, the police searched the car and found various articles which could be used in the commission of a crime. One of the arrested men confessed that he and some other persons intended to rob a bank, and the articles were turned over to the Federal Bureau of Investigation. During trial in a federal district court for conspiracy to rob a bank the articles were admitted in evidence over objection made on the basis of the Fourth Amendment. The judgment of conviction was reversed on the ground that the search was too remote in time or place to have been made as incidental to the arrest and failed to meet the test of reasonableness under the Fourth Amendment.

■ It must be determined in each case whether the facts fall within any of the exceptions to the constitutional rule that a search warrant must be had before a search may be made. ■ The right to make a contemporaneous search without a warrant upon lawful arrest extends to things

under the accused's immediate control and, to an extent depending upon the circumstances, to the place where he is arrested. This is justified, for example, by the need to seize weapons which might be used to assault an officer as well as by the need to prevent the destruction of evidence of the crime. These justifications are ordinarily absent, however, if the accused is in custody and the search is remote in time or place from the arrest. (*Preston* v. *United States, supra,* 376 U.S. at p. 367 [84 S.Ct. at p. 883, 11 L.Ed.2d at p. 780].)

■ The search made of the interior of defendant's car at the time and place of the arrest was lawful as a search incidental to arrest, but the search of the trunk was too remote in time and place to be so treated. The search of the trunk without a warrant was unlawful, and the evidence obtained as a result was improperly admitted.

The case of *People* v. *Terry, supra, ante,* pp. 137, 152-153, decided only a few days before *Preston,* is distinguishable on its facts. There the defendant fled when the police sought to talk to him after having observed in his automobile an object which appeared to be a marijuana cigarette, and there was a danger, not present here, that if the article seen in the automobile were not taken into custody the defendant would return and remove the evidence.

■ Our attention has been called by the People to section 22651 of the Vehicle Code, which provides that a police officer may remove a vehicle from a highway ''(h) when an officer arrests any person driving or in control of a vehicle for an alleged offense and the officer is by this code or other law required or permitted to take and does take the person arrested before a magistrate without unnecessary delay.'' Reference is also made to section 22850, which permits the storage of such a vehicle in a place designated or maintained by the governmental agency of which the officer is a member. The officers were authorized by these sections to remove defendant's car from the highway and impound it but the sections do not purport to authorize the making of a search.

■ Although a judgment in a criminal case will not be reversed because of the admission of illegally obtained evidence which is relatively insignificant (*People* v. *Parham,* (1963) 60 Cal.2d 378, 384-386 [33 Cal.Rptr. 497, 384 P.2d 1001]), the error in admitting the evidence discovered as a result of the search of the trunk of defendant's car was

clearly prejudicial because the X-ray negative constituted a vital part of the case against him.

The judgment is reversed.

Traynor, J., Peters, J., Tobriner, J., and Peek, J., concurred.

SCHAUER, J., Dissenting.—In my view, under the circumstances of this case as forthrightly delineated in the majority opinion, the search of defendant's automobile without a warrant was lawful, and the evidence so obtained was properly admitted.

Furthermore, I believe it to be predominantly in the public interest—including the interest of an innocent owner—that an automobile lawfully taken into possession by a police officer (as was the one here involved; see Veh. Code, §§ 22651, subd. (h), and 22850) be searched and its contents inventoried as soon as reasonably possible. Such search and inventory appear to me to be not only the right but the duty of the officer taking custody.

I would affirm the judgment.

McComb, J., concurred.

Respondent's petition for a rehearing was denied August 25, 1964. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.