[Crim. No. 4025.    Third Dist.    June 10, 1966.]

THE PEOPLE, Plaintiff and Appellant, v. JOHNNIE RODRIGUEZ, Defendant and Respondent.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Theodore N. Slocum, Deputy Attorney General, for Plaintiff and Appellant.

Ross L. Bigler for Defendant and Respondent.

PIERCE, P. J.—The State of California appeals (under Pen. Code, § 1238, subd. 1) from an order granting a motion to set aside an indictment charging defendant with violation of Health and Safety Code section 11530 (possession of marijuana). (In a previous proceeding a motion to quash the information regarding the same offense was granted.) Incriminating evidence at the preliminary hearing and later before the grand jury was marijuana found in a search of defendant's motel room. The basis of the judge's order was that the search, admittedly without a warrant, was illegal.

The search resulting in the subsequent discovery of marijuana was made by one Cozzalio, an agent for the State Bureau of Narcotics. He was accompanied by Lieutenant Harvey Dodge of the United States Air Force. The latter had obtained a master key to defendant's room from the motel operator.

Dodge was the executive officer of Detachment 1, 82d Fighter, Air Defense Command, Disbursal Base. Defendant was an enlisted man attached to that unit. The unit was stationed at Montague Air Force Base, Siskiyou County, but had no barracks and the Air Force had been renting various facilities as quarters for unmarried enlisted men in Yreka. These men were required to live in these rented quarters. The motel room occupied by defendant was one of them. It was located in a privately-owned motel. The only actual control exercised by the Air Force over that room and other quarters so rented was that twice-monthly inspections were held; otherwise the motel management operated this room as it did others of the motel, including the furnishing of maid service. The search in question was made July 20, 1965. It appeared from the evidence that an undersheriff had advised Dodge he had information that defendant was involved in narcotic traffic. There was no testimony as to what that information was. The sole justification for the search was the information related plus the fact that Dodge had authorized Cozzalio to enter and search the room.

While the two were conducting the search and had been so engaged for approximately 15 minutes defendant arrived. Cozzalio identified himself. He also advised defendant of his right to remain silent and of his right to counsel. Then he continued his search. Defendant appeared nervous. Cozzalio, noting that fact, asked defendant if he wanted to talk to him outside. Having received a negative reply the search was continued. Defendant then asked for a few minutes to think. Finally he suggested that the officers look in a brown coat hanging in the closet where they might find what they were looking for, but, he added, the items being sought did not belong to him. The officers, in a pocket of the coat indicated, found a package containing 20 marijuana cigarettes and a "roach" (i.e., a partly smoked marijuana cigarette). Debris containing marijuana was removed from a shirt and sport coat hanging in the closet.

If defendant, as a member of the armed forces, has a right to be treated as a civilian whose house is his castle—or, as the learned trial judge might have expressed it, if he is to be considered a first-class citizen—there can be no doubt the search and subsequent discovery were illegal. There was no showing whatever of probable cause.

▮ To be valid a warrantless search must be the incident to an arrest. (*People v. Burke*, 61 Cal.2d 575 [39 Cal.Rptr.

531, 394 P.2d 67].) When it has been established that no search warrant has been obtained a search is prima facie illegal. The prosecution has the burden of proving there was justification. (*People* v. *Haven*, 59 Cal.2d 713, 717 [31 Cal. Rptr. 47, 381 P.2d 927].) The record here is barren of any evidence showing "probable cause." The source of the information received by the officers was not revealed. (*People* v. *Haven, supra.*) Consent may give an otherwise illegal search validity but it must be voluntary and the burden is upon the prosecution to prove its voluntary character. (*People* v. *Gorg*, 45 Cal.2d 776, 782 [291 P.2d 469].) Here proof was to the contrary. Obviously, a person who finds officers searching his room and bent upon continuing that search with or without his consent with almost inevitable discovery of the object of the search is acting under compulsion. The consent was involuntary.

A man's hotel room is his castle no less than his house. (*People* v. *Fierro*, 236 Cal.App.2d 344, 346 [46 Cal.Rptr. 132].) Judged by the law of this state the search was illegal and the product of an illegal search is inadmissible in evidence. (*People* v. *Cahan*, 44 Cal.2d 434, 445 [282 P.2d 905, 50 A.L.R.2d 513].)

The principal contention of the state is that this motel room was the equivalent of a military barracks on a military post and that, although prosecution was in a state court, the rules applicable are those of military law. The federal Court of Appeals of the Fourth Circuit in *United States* v. *Grisby*, 335 F.2d 652, has held a search under the military law to be not in violation of the Fourth Amendment even when prosecution is in a civilian court. The search there made was justified as an inspection of barracks as a necessary adjunct of military discipline. It is also to be noted that the search there made was with "probable cause." We do not accept the *Grisby* case as requiring reversal. Our reaction to the search conducted here is that of the trial judge, Honorable Everett Barr, who said in a memorandum opinion in the case at bench: "All that the People are trying to do in this case is to make a second class citizen out of one of the members of the armed forces by saying that his rights may be trampled upon where those of the civilian in the next motel room are protected."

Moreover, we find that under the facts of this case even military law does not "trample upon" this airman's rights. The state relies upon United States Courts-Martial Manual,

paragraph 152, which provides in part as follows: "The following searches are among those which are lawful:

"... . . . . . . . . . . . . .

"A search of property which is owned or controlled by the United States and is under the control of an armed force, or of property which is located within a military installation . . . which search has been authorized by a commanding officer (including an officer in charge) having jurisdiction over the place where the property is situated. . . . The commanding officer may delegate the general authority to order searches to persons of his command."

(It is to be noted in passing that the same paragraph prohibits the use of illegally obtained evidence as do the California courts. It provides: "Evidence is inadmissible against the accused if it was obtained as a result of an unlawful search of his property conducted or instigated by persons acting under authority of the United States, . . .")

The argument of the Attorney General that this search was conducted under the permissive provisions of the Manual for Courts Martial, paragraph 152, could be met by pointing out that there was no showing here that Lieutenant Dodge was either a commanding officer, an officer in charge, or an officer authorized by either to make the search and by stating that the state's argument that we must assume he was because "it must be presumed that the official duty was regularly performed" has no validity as here applied.

In a case such as this even a commanding officer cannot make a legal search under military law; this because the officer acted *without probable cause*. (*United States* v. *Maginley* (1963) 32 C.M.R. 842, 846; *United States* v. *Jones* (1962) 31 C.M.R. 540, 548.) The rule is applicable even when the search is made in a barracks. (*United States* v. *Bowser* (1963) 33 C.M.R. 703.)

As to the claim that this motel room is the equivalent of a "military reservation" as the Attorney General contends, we agree with Judge Barr's answer, and as our holding we quote it: "Even assuming, and this would be an invalid assumption, that the search were authorized by the commanding officer; and there is no evidence to show any authorization other than that of the executive officer, which is not sufficient under the *Doyle* case (*United States* v. *Doyle*, 4 C.M.R. 137); it would be stretching the concept beyond all good sense to hold that a room rented by the government for a soldier and to

which his superior officer does not even retain a key is part of a military reservation.''

The order appealed from is affirmed.

Friedman, J., and Regan, J., concurred.