[Crim. No. 10929.   In Bank.   July 28, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES
BARNETT WILLIAMS, Defendant and Appellant.

Luke McKissack for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and David N. Rakov, Deputy Attorney General, for Plaintiff and Respondent.

SULLIVAN, J.—Defendant was charged by information with burglary (Pen. Code, § 459). The information also charged a prior felony conviction (grand theft) in Arizona. Defendant pleaded not guilty and denied the prior. Trial by jury was waived. At the trial defendant admitted the prior conviction. The court found defendant guilty of burglary in the second degree. He appeals from the judgment of convic-

tion and from the order denying his motion for new trial,[1] contending (1) that certain evidence introduced against him was obtained by means of an illegal search, and (2) that the trial court, on its own motion, should have determined whether or not the prior conviction was obtained in violation of defendant's constitutional right to counsel. We have concluded that neither of these contentions has merit and that the judgment should be affirmed.

During the early morning hours of November 12, 1965, a men's clothing store in Fullerton was forcibly entered and 29 suits were taken. About 5:30 a.m. Gordon Kreitz, a police officer in the area, received a radio call to the effect that the burglar alarm was ringing at the store and proceeded toward that location. When Officer Kreitz was several blocks from his destination he observed the headlights of a car approaching him from a point about a block and a half from the burglarized store. There were no other moving cars on the street. The automobile, a 1957 Plymouth driven by defendant, passed the police car and proceeded down the street. Officer Kreitz made a U-turn and followed the vehicle. After observing defendant make a numer of turns in the course of a few blocks, the officer activated his red light and siren. There ensued a high-speed chase which ended when the Plymouth "spun out" in an intersection and defendant fled on foot, leaving his car.

Officer Kreitz, together with officers in two other patrol units who had joined in the chase, approached the abandoned vehicle. It was not damaged, and the key remained in the ignition. He opened the unlocked trunk and observed a stack of 25 to 30 men's suits on wooden hangers. Thereupon he detailed an officer "to stand by the vehicle, make a complete inventory, and have the vehicle impounded." Kreitz and the remaining officers then conducted a search on foot in the neighborhood and apprehended defendant 15 to 20 minutes later in a vacant house about a block away. They arrested defendant and took him to the police station.

Defendant's car was then taken to a police storage garage, where its contents were inventoried.[2] The trunk contained 29

---

[1]The order denying defendant's motion for a new trial is nonappealable (Pen. Code, § 1237, subd. (2); *People* v. *Lessard* (1962) 58 Cal.2d 447, 450 [25 Cal.Rptr. 78, 375 P.2d 46]) and the attempted appeal therefrom must be dismissed.

[2]Though the record does not specifically establish the time of inventory and seizure in relation to the time of arrest and initial search, it would appear that the two events occurred on the same day.

suits bearing the label of the burglarized men's store. There were also in the trunk a black golf cap, a Halloween mask, a pair of work gloves, a pair of overshoes, a pair of tin shears, two screwdrivers, a large packing-case pry bar, a tire tool, and a round steel bar 20 inches in length.[3] No warrant to search defendant's vehicle was obtained at any time.

It is clear from the foregoing that Officer Kreitz had probable cause to arrest defendant for burglary. The officer had knowledge that a burglar alarm had been triggered. He first observed defendant at a point near the burglarized premises, driving away from the area. The hour was early and there were no other moving cars on the streets. As soon as Officer Kreitz began to follow defendant, the latter commenced evasive action, and the activation of the officer's siren and light brought about defendant's frantic and reckless attempt to escape which culminated in the hasty abandonment of the vehicle in the middle of an intersection. The combination of these factors was sufficient to justify an arrest.

The search of defendant's vehicle conducted at the scene was incident to the arrest. The two events were substantially contemporaneous, and the fact that the search occurred first in time did not render it unlawful. (See *People* v. *Cockrell* (1965) 63 Cal.2d 659, 666 [47 Cal.Rptr. 788, 408 P.2d 116]; *People* v. *Torres* (1961) 56 Cal.2d 864, 866 [17 Cal. Rptr. 495, 366 P.2d 823]; *People* v. *Ingle* (1960) 53 Cal.2d 407, 413 [2 Cal.Rptr. 14, 348 P.2d 577].) Further, the arrest and search took place within the same general area. Of no legal significance is the fact that defendant, through his efforts to escape, succeeded in separating himself from the car by a distance of about one block. (See *People* v. *Pressley* (1966) 242 Cal.App.2d 555, 559-560 [51 Cal.Rptr. 563].)

A defendant's absence from the scene does not of itself render illegal a search which, in view of the totality of surrounding circumstances, is reasonable. (See *Crawford* v. *Bannan* (6th Cir. 1964) 336 F.2d 505, 506-507; *People* v. *Robinson* (1965) 62 Cal.2d 889, 895 [44 Cal.Rptr. 762, 402 P.2d 834]; *People* v. *Green* (1965) 235 Cal.App.2d 506 [45 Cal.Rptr. 371].)

We further conclude that the subsequent inventory and seizure at the police impound "should be deemed a

---

[3]None of the objects found in the trunk was introduced into evidence. The sole exhibit introduced by the prosecution was a photograph of the open trunk of the defendant's car with the suits visible therein.

continuation of the search lawfully begun at the time and place of arrest." (*People* v. *Webb* (1967) 66 Cal.2d 107, 126 [56 Cal.Rptr. 902, 424 P.2d 342].) Although the factors supportive of this determination are not wholly identical to those involved in *Webb*, we consider that the totality of circumstances here present requires the same result. In *Webb* the search was interrupted at the scene of arrest and resumed at the police impound primarily due to the threat of crowd disorder endangering the preservation of evidence; here such action was undertaken in order to permit convenient cataloguing and reduction to possession of articles discovered during the initial search. We consider the latter reason for postponement as adequate as the former. Since the officers could lawfully have taken possession of the evidence at the scene of the initial search, the fact that for reasons of convenience they actually did so at a different time and place does not of itself render the entire continuing search process unreasonable. (See *Price* v. *United States* (D.C.Cir. 1965) 348 F.2d 68, 70; *Rodgers* v. *United States* (8th Cir. 1966) 362 F.2d 358, 362; *People* v. *Evans* (1966) 240 Cal.App.2d 291, 298-299 [29 Cal.Rptr. 501].) It also appears that here, as in *Webb*, defendant's automobile was under constant police surveillance during the interval of postponement, and the delay was not of unreasonable duration.

As indicated above, the case of *People* v. *Evans, supra,* 240 Cal.App.2d 291, is supportive of our conclusion as to the propriety of interruption and postponement of the search herein; it is also supportive of the further conclusion that the search was not rendered unreasonable by the fact that certain articles, the presence of which in defendant's trunk was alluded to in trial testimony (see fn. 3, *ante*), were not discovered at the initial search but only after the car had been removed to the impound. In *Evans* police stopped defendants on suspicion that the car in which they were driving had been stolen. Plainly visible in the back seat of the car were articles which the officers came to suspect were the fruits of a burglary, and after some colloquy defendants were arrested and placed in the police vehicle. A search of defendants' car revealed, in addition to the articles in the back seat, a large outboard motor in the trunk. Because it was inconvenient for the officers to place the large motor in their own vehicle, they towed defendants' car to the police station and there removed the motor. Underneath it they found a pistol. The Court of Appeal held as follows: "The search of the vehicle, including

the trunk portion thereof, without a warrant was lawful as a search incidental to arrest (See *People* v. *Burke,* 61 Cal.2d 575, 579-580 [39 Cal.Rptr. 531, 394 P.2d 67]. . . .) Unlike the situation in the *Burke* case, the search of the trunk of the Evans car was made at the place of arrest and contemporaneously therewith. That search disclosed the outboard motor. The fact that, because of its size, it was conveyed to the police station in the Evans vehicle did not detract from the legality of the search and ensuing seizure made at the scene of the arrest. Consequently, since no right of either defendant was violated by removal of the outboard motor from the car at the police station, Officer Barton was not required to overlook the gun which became visible when the motor was lifted from the trunk. Under such circumstances the possession of the gun was legally obtained by the police and it was properly received in evidence.'' (240 Cal.App.2d at pp. 298-299.)

The cases of *Preston* v. *United States* (1964) 376 U.S. 364 [11 L.Ed.2d 777, 84 S.Ct. 881], and *People* v. *Burke* (1964) 61 Cal.2d 575 [39 Cal.Rptr. 531, 394 P.2d 67], heavily relied upon by defendant, are clearly distinguishable. In *Preston* there was no search at the scene of arrest, and the initial search occurred at the police impound after the defendants had been booked on a charge unrelated to that to which the subsequently seized evidence related. In *Burke* an initial search at the scene of arrest disclosed a pair of gloves (which later were admitted into evidence) upon the front seat of defendant's car, but the main body of incriminating evidence was obtained when, at the police impound, the trunk of the car was searched for the first time.[4] In neither of these cases was police action at the impound limited to inventory and seizure of articles present in a section of the automobile lawfully searched at or near the scene of the arrest and at a time roughly contemporaneous therewith. We hold, in view of the totality of circumstances here present, that the inventory at the police impound was a continuation of the search lawfully begun at the scene of the arrest, and that ''the entire search process was incident to that arrest and was not 'unreasonable' within the meaning of the Fourth Amendment.'' (*People* v. *Webb, supra,* 66 Cal.2d 107, 126 [56 Cal.Rptr. 902, 424 P.2d 342].)

As noted above, defendant at trial admitted the prior conviction charged against him. It is now contended that the

---

[4]As appears above, *People* v. *Evans, supra,* 240 Cal.App.2d 291, recognizes the crucial factual difference in *Burke.*

cause must be remanded because the trial court, at the time of such admission, failed to determine on its own motion whether, in the proceedings leading to that prior conviction, defendant's constitutional right to the assistance of counsel was duly preserved. (See *In re Woods* (1966) 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913].) We have recently held, however, that "the burden of initiating inquiry into the constitutional basis of a prior conviction lies with him who would challenge its validity rather than with the trial court," and that a defendant's failure to assume that burden at the trial court level forecloses consideration of the matter on direct appeal. (*People* v. *Merriam* (1967) 66 Cal.2d 390, 398 [58 Cal.Rptr. 1, 426 P.2d 161]; cf. *People* v. *Coffey* (1967) *ante*, p. 204 [60 Cal.Rptr. 457, 430 P.2d 15].) The trial record herein discloses no effort by defendant to properly raise the constitutional question, and it therefore lies without the scope of our present review.

The purported appeal from the order denying a motion for new trial is dismissed, said order being nonappealable. The judgment is affirmed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.