[Crim. No. 13519.   Second Dist., Div. Three.   Apr. 23, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. DIANE RAE
WOHLLEBEN, Defendant and Appellant.

Harry E. Weiss for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Megan A. Geffeney, Deputy Attorney General, for Plaintiff and Respondent.

MOSS, J.—Defendant was convicted of possession of marijuana in violation of section 11530 of the Health and Safety Code. She contends on appeal that the prosecution did not sustain its burden of proving that her arrest was legal because it did not, after objection, offer the best evidence of the arrest warrants upon which the legality of the arrest depended.

Defendant was stopped by the police at 10:30 p.m. for running a red light. The officers learned over their radio that there were three outstanding warrants for her arrest serviceable at any time for traffic violations. The officers thereupon arrested her and took her to a nearby police station in Van Nuys and booked her on the charges specified in the arrest warrants. Copies of the warrants were teletyped to the Van Nuys station and were seen by one of the arresting officers within one hour after defendant was booked. Defendant did not ask to see the warrants or abstracts thereof. (The evidence was in conflict on this point.) While booking defendant the officers found marijuana in her purse and a partially smoked marijuana cigarette in her coat pocket. They then arrested defendant for possession of marijuana.

A search of a person lawfully arrested in the process of booking him is a reasonable search. (*People* v. *Rogers,* 241 Cal.App.2d 384, 388-390 [50 Cal.Rptr. 559]; *People* v. *Reed,* 202 Cal.App.2d 575, 579-580 [20 Cal.Rptr. 911].) The reasonableness of the search which revealed the marijuana on defendant's person depends, therefore, upon the legality of her arrest.

■ The traffic violation for which defendant was stopped could not provide the basis for a lawful arrest. Procedure on arrests for traffic violations is specified in division 17, chapter 2 of the Vehicle Code commencing with section 40300. Section 40300 of the Vehicle Code provides: ''The provisions of this chapter shall govern all peace officers in making arrests for violations of this code without a warrant for offenses committed in their presence, but the procedure prescribed herein shall not *otherwise* be exclusive of any other method prescribed by law for the arrest and prosecution of a person for an offense of like grade.'' (Italics added.) A statute is to be construed where possible to give effect to all of its terms. (Code Civ. Proc., § 1858.) The insertion of the word ''otherwise'' in the second clause of section 40300 can only mean that to the extent stated in the first clause the arrest procedure of the Vehicle Code is exclusive. (See *People* v. *Maggiora*, 207 Cal.App.2d Supp. 908, 911 [24 Cal.Rptr. 630].) Thus, although it is a misdemeanor for any person to violate a provision of the Vehicle Code unless the violation is expressly described by the code to be a felony or an offense punishable as a felony or misdemeanor (§ 40000, subd. (a)), the procedure on arrests without a warrant for misdemeanor Vehicle Code violations is that prescribed by the Vehicle Code and not the procedure prescribed by the Penal Code. (Pen. Code, § 833 et seq.)

Three sections of the Vehicle Code specifically authorize an arresting officer to take into custody a person arrested for a traffic violation not declared to be a felony. Section 40302 makes it mandatory for the arrested person to be taken before a magistrate under the circumstances specified therein.[1] Section 40303 gives to the arresting officer the option either to take the person arrested before a magistrate or to give him a notice to appear in cases where section 40302 does not apply,

---

[1]Section 40302 of the Vehicle Code provides: ''Whenever any person is arrested for any violation of this code, not declared to be a felony, the arrested person shall be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made in any of the following cases:

(a) When the person arrested fails to exhibit his driver's license or other satisfactory evidence of his identity.

(b) When the person arrested refuses to give his written promise to appear in court.

(c) When the person arrested demands an immediate appearance before a magistrate.

(d) When the person arrested is charged with violating Section 23102 or 23106.''

464

and the arrest is for the relatively serious traffic offenses listed in section 40303.[2] Section 40304 authorizes any member of the California Highway Patrol in the case of any violation of any state law ''declared to be a misdemeanor but which offense is not specified in this code'' either to give the person arrested a 10-day notice to appear or to take the person before a magistrate.[3] Section 40500 appears in article 2 of chapter 2, captioned ''Release Upon Promise to Appear.'' Section 40500 provides: ''Whenever a person is arrested for any violation of this code not declared to be a felony, or for a viola-

[2]Section 40303 of the Vehicle Code provides: ''Whenever any person is arrested for any of the following offenses and the arresting officer is not required to take the person without unnecessary delay before a magistrate, the arrested person shall, in the judgment of the arresting officer, either be given a 10 days' notice to appear as herein provided or be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made.

(a) Sections 10852 or 10853, relating to injuring or tampering with a vehicle.

(b) Sections 23101 or 23104, relating to reckless driving.

(c) Section 2800, insofar as it relates to a failure or refusal of the driver of a vehicle to stop and submit to an inspection or test of the lights upon the vehicle under Section 2804 hereof, which is punishable as a misdemeanor.

(d) Section 2800, insofar as it relates to a failure or refusal of the driver of a vehicle to stop and submit to a brake test which is punishable as a misedmeanor.

(e) Sections 2800 and 2803, relating to the refusal to submit vehicle and load to a weighing which is punishable as a misdemeanor.

(f) Section 20002, relating to failure to stop in the event of an accident involving damage to property.

(g) Section 20007, relating to failure to stop after collision with an unattended vehicle.

(h) Section 23109, relating to participating in speed contests or exhibition of speed.

(i) Section 14601, relating to driving while license is suspended or revoked.

(j) When the person arrested has attempted to evade arrest.

(k) Section 23332, relating to persons upon vehicular crossings.

(l) Section 2813, relating to the refusal to stop and submit a vehicle to an inspection of its size, weight, and equipment.''

[3]Vehicle Code section 40304 provides: ''Whenever any person is arrested by any member of the California Highway Patrol for any violation of any state law regulating the operation of vehicles or the use of the highways declared to be a misdemeanor but which offense is not specified in this code, he shall, in the judgment of the arresting officer, either be given a 10-day notice to appear in the manner provided in this chapter or be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made, or, upon demand of the person arrested, before a magistrate in the judicial district in which the offense is alleged to have been committed.''

tion of an ordinance of a city or county relating to traffic offenses and he is not immediately taken before a magistrate, as provided in this chapter, the arresting officer shall prepare in triplicate a written notice to appear in court. . . .''

It is the intent of the foregoing sections that persons arrested by peace officers other than members of the California Highway Patrol for misdemeanor traffic violations may be taken before a magistrate only under the circumstances and for the offenses enumerated in sections 40302 and 40303. In the case of traffic violations not enumerated in sections 40302, subdivision (d) and 40303 the arresting officer must give to the person arrested the notice to appear prescribed in section 40500 and may take the person arrested into custody only if one or more of the circumstances specified in paragraphs (a) (b) and (c) of section 40302 are present. (See footnote 1.) Since the offense of failing to stop for a red light is not among those specified in Vehicle Code sections 40302 and 40303, and there is no evidence that the circumstances specified in section 40302 were present, the arresting officers acted lawfully in taking defendant into custody only if the arrest was made pursuant to the outstanding arrest warrants.

The arresting officers were justified in taking defendant into custody in reliance on information received by radio that there were outstanding traffic warrants for defendant's arrest even though they were not then in possession of the warrants. (Pen. Code, § 842; *People* v. *Kraps,* 238 Cal.App.2d 675, 679 [48 Cal.Rptr. 89].) However, the mere fact that the arresting officers had learned of the outstanding warrants through official channels cannot relieve the prosecution of the burden of proving the legality of the arrest, if it is challenged. (See *People* v. *Rice,* 253 Cal.App.2d 789, 792 [61 Cal.Rptr. 394]; *People* v. *Hunt,* 250 Cal.App.2d 311 [58 Cal. Rptr. 385]; *People* v. *Pease,* 242 Cal.App.2d 442, 448-449 [51 Cal.Rptr. 448].)

The prosecution sought to prove the existence and contents of the warrants through the testimony of one of the arresting officers who had seen the telegraphic copies or abstracts of the warrants at the Van Nuys station some time after defendant was booked. Defense counsel objected to this testimony on the ground, among others, that the warrants themselves or the abstracts thereof were the best evidence of the contents of the warrants. The objection was overruled. The burden was on the prosecution to prove that the police had warrants for defendant's arrest. (See *People* v. *Burke,* 61 Cal.2d 575, 578 [39

466

Cal.Rptr. 531, 394 P.2d 67].) ▮ Unless a foundation is laid for the use of other evidence, no evidence of the contents of a writing other than the writing itself is admissible. (Former Code Civ. Proc., § 1855, now contained in Evid. Code, §§ 1500-1510.)[4] ▮ The contents of the warrants under which defendant was arrested were necessarily in issue since it was incumbent upon the prosecution to prove that defendant was the person named in the warrants. Defendant having objected to the competency of the prosecution's evidence of the warrants, the court erred in not requiring that the original warrants be produced or that a proper foundation be established for the use of the secondary evidence. A rule which requires the production of the original warrant does not place an undue burden on the People because, as the Supreme Court observed in *People* v. *Burke, supra,* in connection with search warrants, "Ordinarily proof of the existence of a search warrant is a simple matter, and in the face of an objection that the evidence has been illegally obtained, it seems obvious that the prosecution will produce a warrant if one exists." (61 Cal.2d 575, 578.)

The Attorney General suggests that the People sustained their burden of proof by reason of the operation of the presumption that official duty has been regularly performed. (Former Code Civ. Proc., § 1963, subd. 15 (Evid. Code, § 664).) As we have seen it cannot be presumed in the absence of evidence that the arresting officers had a warrant for defendant's arrest. (See *People* v. *Burke, supra,* 61 Cal.2d 575, 578.) Therefore, to that extent, the presumption of official duty performed does not apply.

▮ Defendant did not waive the best evidence objection by failing to seek production of the original warrant through pretrial discovery procedures. At the time this case was tried the validity of a search warrant could be questioned for the first time at the trial by objection to the introduction of evidence as illegally obtained. (*People* v. *Butler,* 64 Cal.2d 842 [52 Cal.Rptr. 4, 415 P.2d 819].)[5] In *People* v. *Butler,* the defendant sought to attack a search warrant on the ground that it was issued without probable cause. Here the defendant sought to attack an arrest warrant on the ground that the prosecution had failed to prove that defendant was the sub-

---

[4]Because the trial commenced prior to January 1, 1967, the provisions of the Evidence Code do not apply. (Evid. Code, § 12.)

[5]Penal Code, section 1538.5, enacted in 1967, sets forth a new comprehensive procedural plan for challenging the legality of searches and seizures. This case was tried before the enactment of that section.

ject of the warrant and that the warrants authorized her arrest at night. The reasoning of *People* v. *Butler* applies equally to this case. That reasoning was stated by the court as follows: " 'Ordinarily preliminary questions of fact that govern the admissibility of evidence are determined by the trial court when objection is made to the introduction of the evidence at trial, and the experience of the federal courts indicates that there are no compelling reasons why an exception to the general rule should be made in the case of illegally obtained evidence. [Citations.] The issues involved will ordinarily be no more time-consuming or complicated than those presented to the trial court when it must rule, for example, on the admissibility of confessions, business records, or evidence claimed to be privileged, or on the qualifications of expert or other witnesses. On the other hand, a requirement that a preliminary motion be made to suppress the evidence would inevitably result in delaying the criminal trial while the motion was being noticed, calendared, heard, argued and determined.' " (64 Cal.2d at p. 846.)

*People* v. *Stewart*, 189 Cal.App.2d 176 [10 Cal.Rptr. 879], relied upon by the Attorney General, is distinguishable because there the defense did not request that the arrest warrants be produced before or at the trial and was deemed to have waived the best evidence objection. As we have noted, the defense in this case preserved its objection by objecting to the introduction of secondary evidence to prove the contents of the warrants.

The judgment is reversed.

Ford, P. J., and Cobey, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 19, 1968. Peters, J., was of the opinion that the petition should be granted.