[Crim. No. 6824. First Dist., Div. Two. Nov. 26, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. JAMES PAUL VAN SANDEN, Defendant and Respondent.

Thomas C. Lynch, Attorney General, Robert R. Granucci and John F. Henning, Jr., Deputy Attorneys General, for Plaintiff and Appellant.

Jerome C. Durham, Public Defender, Robert I. Conn and Harold J. Truett, Deputy Public Defenders for Defendant and Respondent.

SHOEMAKER, P. J.—The People appeal from an order granting defendant's motion under section 995 of the Penal Code to dismiss an information charging him with possession of marijuana.

On August 12, 1967, Officer MacNeil of Fairfax observed an old van with psychedelic painting on it making a turn onto Sir Francis Drake Boulevard. From his position, he could not see any front license plate, so he stopped the van because of the supposed lack thereof. However, without first checking on his supposition, he went directly to the driver, defendant Van Sanden, and asked for his driver's license. Defendant did not have a license but he produced identification in the form of a Selective Service card which gave his name as James P. Van Sanden.

The officer thought the name familiar, as he had a recollection that he had seen it on several outstanding traffic warrants, so he asked defendant if he had ever lived in the Fairfax area and defendant stated he had—at 33 Hill Avenue over a year before. MacNeil then placed defendant under arrest for the traffic warrants. However, it later turned out the officer was mistaken, as there were no traffic warrants for defendant.

Defendant then asked MacNeil what would be done with the van. MacNeil said he would have to impound it as there was no licensed person with defendant to drive it away.

MacNeil then searched defendant and the van. In the van, MacNeil observed a closed metal container labeled ''Constant Comment Tea'' on a shelf behind the driver's seat; he opened it and found in it some marijuana. According to MacNeil, he had two reasons for opening the can. The first was that the van bore psychedelic painting and several ''hippie'' individuals had previously informed him that it was common for people of that type to store marijuana or narcotics in containers similar to the tea can. Secondly, since he was impounding the van, he was taking an inventory of all contents for his protection.

Underneath a mattress in the van, MacNeil found a Sucrets can containing an additional quantity of marijuana.

Finally, upon completing his search, MacNeil walked to the front of the vehicle and discovered that there was a license plate, although the same was somewhat obscured.

▇ The People make no attempt, on appeal, to contend that defendant's arrest and the search of his van was lawful because MacNeil reasonably, although erroneously, believed that he was executing a nonexistent traffic warrant in defendant's name. They argue instead that MacNeil was entitled to arrest defendant for two misdemeanor traffic violations: having an obscured front license plate, in violation of Vehicle Code, section 5201, and failing to have a valid driver's license in his possession, in violation of Vehicle Code, section 12951. The People urge that since defendant was guilty of the above violations, defendant's arrest without a warrant was justified under Penal Code, section 836. The People deny that it is of any moment that defendant was in fact arrested on the basis of certain nonexistent traffic warrants and assert that where a public offense has actually been committed in an officer's presence, an arrest may be upheld on that basis even though made under the officer's mistaken belief that a different offense has been committed. (*People* v. *Young* (1934) 136 Cal.App. 699, 703 [29 P.2d 440]; *People* v. *Smith* (1957) 153 Cal.App.2d 190, 192 [314 P.2d 31].)

It is settled that defendant's arrest for the above traffic violations could not serve as a basis for a search of the van. In *People* v. *Moray* (1963) 222 Cal.App.2d 743 [35 Cal.Rptr. 432], defendant had made an illegal left turn and had failed to stop at a posted stop sign. The court stated: ''If the conduct set forth in the record in this case were to constitute probable cause for a traffic officer to believe that a felony has been committed and that a search of the motorist's vehicle is authorized, then practically every motorist in California who receives or is about to receive a traffic citation will be subject to having his person and his automobile searched by the traffic officer—such is fortunately not the law.'' (P. 747.)

Although the People tacitly concede that the traffic violations in the instant case furnished no better basis for a search of the van than those committed in *Moray,* they do argue that such violations afforded valid grounds for defendant's arrest and that such arrest, in turn, afforded justification for the impounding of the van and the inventorying of the items contained therein. Thus it is urged that since MacNeil was required to bring defendant before a magistrate without unnecessary delay (Pen. Code, § 849), he was entitled to

impound the van and inventory its contents under Vehicle Code, section 22651, subdivision (h). That provision states that a police officer may remove a vehicle from a highway "[w]hen an officer arrests any person driving or in control of a vehicle for an alleged offense and the officer is by this code or other law required or permitted to take and does take the person arrested before a magistrate without unnecessary delay."

It is obvious that the officer's alleged right to arrest defendant for the two traffic violations and to bring him before a magistrate constitutes a crucial link in the chain of logic by which the People seek to justify the search of defendant's van. However, as defendant correctly points out, it was held in the recent case of *People* v. *Wohlleben* (1968) 261 Cal.App.2d 461 [67 Cal.Rptr. 826] (hearing denied by the California Supreme Court on June 19, 1968) that pursuant to Vehicle Code, sections 40300 through 40304 and section 40500, "persons arrested by peace officers other than members of the California Highway Patrol for misdemeanor traffic violations may be taken before a magistrate only under the circumstances and for the offenses enumerated in sections 40302 and 40303. In the case of traffic violations not enumerated in sections 40302, subdivision (d) and 40303 the arresting officer must give to the person arrested the notice to appear prescribed in section 40500 and may take the person arrested into custody only if one or more of the circumstances specified in paragraphs (a) (b) and (c) of section 40302 are present." (P. 465.)

In their closing brief, the People apparently concede that the two traffic violations allegedly committed by defendant were not among those enumerated in Vehicle Code, section 40302, subdivision (d), or section 40303. However, the People assert that the *Wohlleben* case was wrongly decided and in conflict with language appearing in the prior case of *Brown* v. *Superior Court* (1965) 234 Cal.App.2d 628 [44 Cal.Rptr. 519]. The People also make some attempt to justify defendant's arrest on the ground that it occurred under the circumstance specified in subdivision (j) of section 40303, in that defendant "attempted to evade arrest."

Turning to the latter argument first, the record shows that defendant at no time attempted to evade arrest but, according to MacNeil's testimony, was at all times "quite cooperative." Although the People appear to suggest that defendant's comments to MacNeil could have led the officer to believe that

defendant had *previously* been evading arrest on certain outstanding traffic warrants, this argument is absurd. Assuming, arguendo, that subdivision (j) could be deemed applicable to prior conduct of this nature, the record contains no evidence that defendant said anything which could have led MacNeil to believe that defendant *knew* that there were outstanding traffic warrants in his name and had been intentionally seeking to avoid being arrested thereunder. Logic compels the conclusion that if an arrest is invalid when based upon a nonexistent warrant, it is equally invalid when based upon the arresting officer's belief that an individual has been evading arrest under a nonexistent warrant.

The People's reliance upon *Brown* v. *Superior Court, supra,* as containing language contrary to that in *People* v. *Wohlleben, supra,* is unsound. In *Brown,* the court merely held that certain requirements contained in Vehicle Code, section 40503, and pertaining to the form of a complaint or information, were directory rather than mandatory (pp. 631-632). The court in *Wohlleben* construed different sections of the Vehicle Code and afforded them a construction both reasonable and entirely consonant with the language of the statutes in question.

Under *Wohlleben,* MacNeil was not entitled, on the basis of the two traffic violations allegedly committed by defendant, to place him under arrest and take him before a magistrate; his only right was to give him the notice to appear prescribed in Vehicle Code, section 40500. The impounding of defendant's van was not authorized by Vehicle Code, section 22651, subdivision (h), and the search of said van cannot be justified as incidental to such process.[1] The only evidence in support of the charge of possession of marijuana being the product of an unlawful search, the trial court was correct in dismissing the information.

Order affirmed.

Agee, J., and Taylor, J., concurred.

---

[1] It may well be doubted that, in any event, the search could be justified on that basis alone. (See *People* v. *Burke* (1964) 61 Cal.2d 575, 580 [39 Cal.Rptr. 531, 394 P.2d 67]; *People* v. *Cooper* (1965) 234 Cal.App.2d 587, 598-599, fn. 5 [44 Cal.Rptr. 483].)