[Crim. No. 20105. Second Dist., Div. One. Nov. 5, 1971.]

THE PEOPLE, Plaintiff and Respondent v.
NORMA FAYE FARLEY, Defendant and Appellant.

COUNSÉL

Barry Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Daniel J. Kremer and Karen Sorlie Russo, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LILLIE, Acting P. J.—Defendant was charged with possession for sale of a restricted dangerous drug (Health & Saf. Code, § 11911). Her motion to suppress evidence under section 1538.5, Penal Code, was submitted on the transcript of the testimony taken at the preliminary hearing, and denied. Thereafter the cause was submitted on the same transcript and defendant was found guilty as charged. She appeals from the judgment.[1]

Around 10:20 a.m. on December 5, 1970, plain clothes Officers Sisak and Anderson, assigned to the investigative bureau (narcotics patrol) and driving an unmarked police vehicle, observed a Volkswagen proceeding at "a high rate of speed" in a residential area in which the posted speed limit was 25 miles an hour; they clocked the vehicle at 35 to 37 miles an hour; they also noticed that the brake lights did not work when the car stopped and that it did not have a front license plate. After following the Volkswagen for a few blocks they activated the police red and spot lights and directed it to pull over; defendant was the driver. Officer Anderson proceeded to the driver's side and Officer Sisak to the passenger's side of the vehicle. Officer Anderson asked defendant for her driver's license and after a brief search through her wallet she told him she could not find it; he then asked her for the registration to the vehicle and she said she did not have one; asked by the officer for some form of identification, she produced a social security card. At this time Officer Sisak went back to the police car and by radio ran a registration check on the Volkswagen's license plate—HAJ 348; he was informed that HAJ 348 had been issued to a 1962 Ford registered in La Puente; he then returned to the car and asked defendant if she had a registration for the car whereupon she

---

[1]Defendant was also charged with another violation of section 11911, Health and Safety Code, in that on December 12, 1970, she had in her possession for sale amphetamine (case No. A 062224). The preliminary hearing in that case was had at the same time as the preliminary hearing in the instant one; ultimately she was convicted and filed her notice of appeal. The appeal herein does not include her appeal from the judgment of conviction in No. A 062224.

checked the front pocket on the driver's door and removed a temporary registration in the name of Mary Jean Keller of Venice. Defendant was placed under arrest "for a violation of the speed limit, for a violation of faulty brake lights, no driver's license in possession and having the wrong license plate on that type of vehicle." Officer Sisak testified that at that time it was his feeling that the Volkswagen was a stolen vehicle. Defendant was escorted to the police vehicle; "a tow for impounding was called" and Officer Anderson began a routine search in preparation of taking inventory. Lying on the front seat next to the driver was a brown paper sack in an open, unfolded condition; it contained miscellaneous items and about seven full clear sandwich-type Baggies containing 5,800 "Mini bennies." It was stipulated that after having been advised of her *Miranda* rights defendant told Sergeant Legerski that she borrowed the car and had no knowledge of the items in the bag.

Defendant did not take the stand and offered no defense.

■ Appellant's sole contention is that there was no probable cause for her arrest; that her arrest was invalid because there was no statutory authority therefor in that the offenses for which she was taken into custody did not justify arrest.

Originally defendant was arrested for driving without a driver's license in her possession (§ 12951, Veh. Code), speeding (§ 22350), faulty brake lights and having a license plate on the Volkswagen that belonged to another vehicle (§ 4462), all minor traffic violations; also, the Volkswagen had no front license plate (§ 5200). While it is true that the officer could not arrest defendant under Penal Code section 833 et seq. for the foregoing Vehicle Code infractions (*People* v. *Wohlleben*, 261 Cal.App.2d 461, 463 [67 Cal.Rptr. 826]) and they alone would not justify a search of the interior of defendant's vehicle, the record otherwise supports probable cause for defendant's arrest and the seizure of the paper bag from the front seat of the vehicle.

Probable cause for the officers to believe that defendant had taken and/or driven the Volkswagen without consent of the owner, a felony (Veh. Code, § 10851; Pen. Code, § 836, subd. 3), is established by the evidence. Defendant was speeding in a residential area; the Volkswagen had faulty brake lights; there was no license plate on the front, and the plate on the rear of the vehicle had been issued to another car—a 1962 Ford in La Puente; upon request of Officer Anderson defendant presented to him no driver's license and no "other satisfactory evidence of [her]

identity for examination";[2] and at first, when asked for the registration to the Volkswagen, she said she had none but upon being asked again, produced a temporary registration in the name of someone else—Mary Jean Keller at an address in Venice. Officer Sisak was asked, "Officer, was it your feeling at the time [of arrest] that the vehicle was a stolen vehicle?" and he testified, "Yes." In *People* v. *Nebbitt,* 183 Cal.App.2d 452 [7 Cal. Rptr. 8], by reason of the failure of the vehicle defendant was using "to display license plates the officers not only were justified in stopping the driver for a violation of the law but were confronted with a reasonable suspicion that the car had been stolen"; the absence of any license plates on the vehicle was described by the court as "in itself a suspicious circumstance." (P. 458.) At any particular time there might be a legitimate reason for the absence of license plates on the vehicle, for example, they had not been put on, or had been stolen from the vehicle, or had fallen off and been lost; but a far more "suspicious circumstance" arises when the vehicle bears only *one* license plate and that belongs to another vehicle. This compels the conclusion, particularly in light of defendant's operation of the vehicle, failure to have a driver's license in her possession and refusal at first to produce the registration slip and later her production of a temporary registration issued to another person, that some criminal activity is taking or has taken place in connection with the vehicle, for obviously one would have to deliberately remove the plate issued to the Volkswagen and install one which had been issued to the other vehicle.

At the time he arrested defendant for the several minor traffic violations, Officer Sisak believed that the Volkswagen was a stolen vehicle, and so testified. He did not arrest her for the felony but under the facts and

---

[2]Appellant contends that a social security card is satisfactory evidence of her identity under section 40302, subdivision (a), Vehicle Code, and argues that a woman of limited economic means, possibly unemployed and not possessing any credit cards, would be discriminated against if she possessed no identification other than her social security card. The latter argument is not sound because if she did not have a driver's license she should not be driving on the public highways regardless of her financial condition, and even if she could not secure credit or was a person of limited means she could have obtained an identification card from the department of motor vehicles for a nominal charge (§ 13000 et seq., Veh. Code). Appellant compares her social security card with the selective service card presented to the officer by defendant in *People* v. *Van Sanden,* 267 Cal.App.2d 662 [73 Cal.Rptr. 359]. There was no discussion in *Van Sanden* about the sufficiency of a selective service card as identification for this purpose but there is no parallel between these two cards for obvious reasons. A selective service card must be carried by males of the age of 18 and over; it necessarily contains information as to the height, weight, age, hair color, eye color and complexion of the holder, and his address and signature. On the other hand, the social security card on its face bears a number, name and signature but no description of or information concerning the holder; also, on its face is the statement "FOR SOCIAL SECURITY AND TAX PURPOSES—NOT FOR IDENTIFICATION."

circumstances facing him at the time he would have been justified in doing so. Inasmuch as there was probable cause to arrest defendant for a felony and the officer at the time believed the Volkswagen to be a stolen vehicle, the validity of her arrest was not affected by the fact that Officer Sisak told her he was arresting her for the minor traffic violations and, in fact, did so. (*People* v. *Kelley,* 3 Cal.App.3d 146, 151 [83 Cal.Rptr. 287]; *People* v. *Walker,* 273 Cal.App.2d 720, 724-725 [78 Cal.Rptr. 439].)

The paper bag was in plain sight on the passenger seat immediately next to the driver, and while it was unfolded and open there is no evidence that the contents were open to view; nor is there any evidence that the officers suspected that the bag contained contraband. However, it cannot be seriously contended that the paper bag found beside the driver immediately upon her arrest was the product of an illegal search and seizure. The search of the vehicle, concededly without a warrant, meets the test of reasonableness under the Fourth Amendment, United States Constitution, rendering the evidence obtained as a result thereof admissible. (*People* v. *Burke,* 61 Cal.2d 575, 579 [39 Cal.Rptr. 531, 394 P.2d 67]; *People* v. *Terry,* 61 Cal.2d 137, 152-153 [37 Cal.Rptr. 605, 390 P.2d 381]; see *Carroll* v. *United States* (1925) 267 U.S. 132 [69 L.Ed. 543, 45 S.Ct. 280] and *Chambers* v. *Maroney* (1970) 399 U.S. 42 [26 L.Ed.2d 419, 90 S.Ct. 1975].) The search was made incident to a lawful arrest. (*United States* v. *Rabinowitz* (1950) 339 U.S. 56, 60-61 [94 L.Ed. 653, 657-658, 70 S.Ct. 430]; *In re Dixon,* 41 Cal.2d 756, 761-762 [264 P.2d 513].) █ The right to make a contemporaneous search without a warrant upon lawful arrest extends to things under the accused's immediate control and, depending upon the extent of the circumstances, to the place where he is arrested. █ The search of defendant's vehicle was conducted at the scene immediately after defendant's arrest, and the arrest and search took place within the same general area. We conclude that the officers had ample probable cause to arrest defendant (§ 836, subd. 3, Pen. Code) for a violation of section 10851, Vehicle Code, a felony, and hence were authorized to search her car as incident to that arrest. (*People* v. *Williams,* 67 Cal.2d 226, 229 [60 Cal.Rptr. 472, 430 P.2d 30]; *People* v. *Webb,* 66 Cal.2d 107, 111-112 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708]; *People* v. *Robinson,* 62 Cal.2d 889, 894 [44 Cal.Rptr. 762, 402 P.2d 834]; *People* v. *Burke,* 61 Cal.2d 575, 580 [39 Cal.Rptr. 531, 394 P.2d 67]; see also *People* v. *Superior Court* (*Kiefer*), 3 Cal.3d 807, 812-813 [91 Cal.Rptr. 729, 478 P.2d 449]; *Mozzetti* v. *Superior Court,* 4 Cal.3d 699, 703, 706 [94 Cal.Rptr. 412, 484 P.2d 84].)

On still another ground the search and seizure were valid. "When officers, incidental to a lawful arrest, seize an automobile or other object in the reasonable belief that such object *is itself evidence* of the commission

of the crime for which such arrest is made, any subsequent examination of said object undertaken for the purpose of determining its evidentiary value does not constitute a 'search' within the meaning of the Fourth Amendment." (*People* v. *Teale,* 70 Cal.2d 497, 511 [75 Cal.Rptr. 172, 450 P.2d 564]; cf. *Coolidge* v. *New Hampshire* (1971) 403 U.S. 443 [29 L.Ed.2d 564, 91 S.Ct. 2022].)

The judgment is affirmed.

Thompson, J., and Clark, J., concurred.