**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Erlinda GRAJEDA, Defendant-Appellant.**

**No. 76–2691.**

United States Court of Appeals,
Ninth Circuit.

Dec. 15, 1978.

Edward A. Applbaum, San Diego, Cal., on brief, for defendant-appellant.

Before BROWNING and CHOY, Circuit Judges, and THOMPSON *, District Judge.

## PER CURIAM:

Erlinda Grajeda appeals from a judgment of conviction, after a trial to the court, on four counts of possession of stolen mail in violation of 18 U.S.C. § 1708. Imposition of sentence was suspended and Grajeda was put on probation for five years. We affirm.

The sole issue before us is whether the district court erred in denying appellant's motion to suppress certain evidence.

About 3:17 a. m., January 12, 1976, California Police Officer Steve Arnds, while on routine motor patrol in Santa Ana, stopped Grajeda who was driving an old and worn car, the right rear tire of which had no tread remaining, a violation of California Vehicle Code § 27465(b). She appeared nervous and first said she was Vella Cardiel, offering a temporary California driver's license in that name. She was unable to produce the registration slip of the car, but said it was not hers.

When Arnds requested other identification, Grajeda turned her back on the officer and rummaged through her purse which was on the seat beside her. Arnds felt that her actions in so doing were furtive—as though she was trying to keep him from seeing what her purse contained. She produced no other identification. Then, suspecting that she had given him false identification, Arnds asked appellant for permission to look into her purse. She refused. He told her it was a crime to give false information to a police officer, whereupon she said her true name was Erlinda Grajeda. When she was unable to show anything to identify herself as Grajeda, Arnds arrested her for giving false information to an officer (California Vehicle Code (C.V.C. § 31)) and for having no identification (C.V.C. § 40302(a)).

The officer then searched the car and found on the floorboard a paper sack containing identification cards of other persons, and seven photographs of Grajeda and materials for making identification cards. He also searched her purse and found five more California temporary driver's licenses in various names, three identification cards of others, an Orange County auditor's warrant payable to another person, and an "Authorization to Purchase Food Stamps."

United States Postal Inspector Boyd Manes determined with the evidence acquired by Arnds that appellant had stolen many welfare checks (including the four for which she was convicted) and auditor's warrants, and that her fingerprints and handwriting appeared on several of these warrants.

Appellant contends that the arrest for violation of the California Vehicle Code and the subsequent searches of the vehicle she was driving and her purse were unlawful under California law and that the evidence obtained from these searches should be suppressed. She directs us to cases in this circuit decided prior to the adoption of the Federal Rules of Evidence,[1] which cases require a federal court to judge the legality of a search by both state and federal stan-

---

* Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

1. These Rules apply to trials in federal courts as of July 1, 1975. Fed.R.Evid. 402 provides:

   All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

dards. *United States v. Solomon*, 528 F.2d 88, 90 (9th Cir. 1975); *United States v. Lovenguth*, 514 F.2d 96, 98 (9th Cir. 1975); *United States v. Walling*, 486 F.2d 229, 235 (9th Cir. 1973), *cert. denied*, 415 U.S. 923, 94 S.Ct. 1427, 39 L.Ed.2d 479 (1974); *United States v. Fisch*, 474 F.2d 1071, 1075 (9th Cir.), *cert. denied*, 412 U.S. 921, 93 S.Ct. 2742, 37 L.Ed.2d 148 (1973); *Wartson v. United States*, 400 F.2d 25, 27 (9th Cir. 1968), *cert. denied*, 396 U.S. 892, 90 S.Ct. 184, 24 L.Ed.2d 166 (1969). These cases hold that if either standard is violated, the evidence is suppressed.

We need not discuss this evidentiary rule and the effect, if any, of Fed.R.Evid. 402 upon it, because we hold that under both federal and state standards, the motion to suppress was properly denied.

The district court found that the search did not violate California law. We agree. Appellant contends that the state police officer could not arrest her for failing to provide proper identification, an infraction of the California Vehicle Code, and then proceed to search the vehicle she was driving and her purse. *People v. Superior Court*, 7 Cal.3d 186, 101 Cal.Rptr. 837, 496 P.2d 1205 (1972) and *People v. Superior Court*, 3 Cal.3d 807, 91 Cal.Rptr. 729, 478 P.2d 449, (1970), are cited as supporting this proposition. Close reading of these cases would lead us to believe they are distinguishable from the present case. Both involved violations of the California Vehicle Code for which there would be no reason for the officer to search for or to seize evidence of the offense. The defendant in *People v. Superior Court*, 3 Cal.3d 807, 91 Cal.Rptr. 729, 478 P.2d 449, was arrested for speeding; the defendant in *People v. Superior Court*, 7 Cal.3d 186, 101 Cal.Rptr. 837, 496 P.2d 1205, was arrested for driving in darkness without headlights or taillights. These were equipment or moving violations for which no evidence other than the officer's observation is taken. Appellant, in contrast, was arrested for giving false information to a police officer after she produced a temporary driver's license which she later admitted did not belong to her, displayed nervous behavior, and failed to produce any other identification or the registration of the car. Under these circumstances, the officer had probable cause to arrest her and to conduct a search incidental to this lawful arrest for evidence which would aid in conviction of the misdemeanor. *See Wimberly v. Superior Court*, 16 Cal.3d 557, 128 Cal.Rptr. 641, 547 P.2d 417, 423 (1976); *People v. Laursen*, 8 Cal.3d 192, 104 Cal.Rptr. 425, 501 P.2d 1145, 1151 (1972), *appeal dismissed*, 412 U.S. 915, 93 S.Ct. 2738, 37 L.Ed.2d 142 (1973); *People v. Burke*, 61 Cal.2d 575, 39 Cal.Rptr. 531, 394 P.2d 67, 70 (1964). The search did not violate California law.

Applying the federal standard we similarly conclude that the officer had probable cause to search the vehicle after the stop was made and that the evidence obtained during the search should not be suppressed. *See, e.g., United States v. Thompson*, 558 F.2d 522, 524 (9th Cir. 1977).

The judgment of the district court is AFFIRMED.