[Crim. No. 8419. First Dist., Div. Three. May 12, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT LEE ABLEMAN, Defendant and Appellant.

**COUNSEL**

Marteen J. Miller, Public Defender, and Bernard B. Pedlow, Deputy Public Defender for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Karl J. Uebel, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DRAPER, P. J.—** ██ In the course of booking a defendant who has been properly arrested, search of his person is entirely proper (*People v. Wohlleben,* 261 Cal.App.2d 461, 462 [67 Cal.Rptr. 826].) Thus the sole question here is whether there was reasonable cause to arrest defendant.

Enroute to answer a burglary alarm at the Tivoli Hotel, Officer Wells heard a radio report by Officer Irwin that the latter had stopped a vehicle on a hit-run charge. Irwin had first seen the vehicle in front of the Tivoli Hotel and the hit-run offense had occurred at that place. The vehicle stopped by Irwin was occupied by members of a motorcycle group. When Wells arrived at the hotel, he found that a member of a rival motorcycle group had been shot. The victim and his friends told Wells that the shooting had been done by "the Misfits," some of whom had fled in an automobile. Wells

drove to the nearby point where Officer Irwin had stopped the hit-run vehicle. There he saw the six occupants of that car all wearing insignia identifying them as "Misfits." Defendant was among them. All were arrested.

■ Wells knew from Officer Irwin's radio message that the hit-run car had started from near the Tivoli, had struck another vehicle in leaving there and had fled until stopped by Irwin. Reliance upon this information from a fellow officer was reasonable (*People* v. *Schader,* 62 Cal.2d 716, 722 [44 Cal.Rptr. 193, 401 P.2d 665]). He knew from the victim that "the Misfits" were responsible for the shooting at the Tivoli. He could reasonably act upon the victim's statement (*People* v. *Griffin,* 250 Cal.App.2d 545, 550-551 [58 Cal.Rptr. 707]). The sum of this information gave reasonable cause to arrest "Misfits" in a fleeing vehicle for assault with intent to murder. Defendant argues that Officer Wells had no information identifying any one man as the assailant. Unfortunately, however, group warfare is not uncommon. Officer Wells had good reason to believe that the six men stopped by Irwin had fled the Tivoli at about the time of the shooting. His information from the victim justified the belief that, while only one fired the gun, the others fleeing the scene were aiders and abettors, and thus equally guilty (Pen. Code, § 31; *People* v. *Villa,* 156 Cal.App.2d 128, 133-134 [318 P.2d 828]). Thus he had reasonable grounds to arrest appellant and his companions.

■ The marijuana found when appellant was searched at the station was admissible in evidence.

Appellant's motion to suppress (Pen. Code, § 1538.5) was properly denied.

Judgment affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.