**Wilbert Montell BROWN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16269.**

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1971.

Rehearing Denied Jan. 20, 1972.

James O. Goodwin, Okemah, for plaintiff in error.

Larry Derryberry, Atty. Gen., Oklahoma County, for defendant in error.

BUSSEY, Presiding Judge:

 Wilbert Montell Brown, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma for the offense of Uttering Obscene Language. His punishment was fixed at thirty (30) days in the county jail and a One Hundred Dollar ($100.00) fine; from said judgment and sentence, a timely appeal has been perfected to this Court.

The defendant asserts three propositions of error, to-wit:

"1. Even though the phrase spoken was filthy, vile, reprehensible, obnoxious and vulgar it was not obscene.

"2. Title 21 O.S., § 906 is unconstitutional by virtue of its vagueness.

"3. The defendant was denied his right to, appeal."

We observe that the charging part of the information was as follows:

" . . . that Wilbert Montell Brown . . . did unlawfully, and wilfully and knowingly, utter and speak obscene and lascivious words and language, to-wit: 'Mother-fucking fascist pig cops' and 'that black mother-fucking pig McIntosh,' in the Sharp Chapel on the campus of the University of Tulsa in the City of Tulsa, Tulsa County, Oklahoma the same being a public place and a place where numerous female persons were then and there assembled."

We need only to observe that in the opinion of this Court, the word "Mother-fucking" is obscene, that the language of 21 O. S., § 906 is definite, and that men or women of common knowledge can reasonably understand the conduct prohibited by said statute. We do not deem it necessary to discuss the defendant's third proposition, in that it is readily apparent by this opinion that the defendant was not denied his right to appeal.

 In conclusion, we observe that because of the apparent indigency of the defendant, justice would best be served by modifying the judgment and sentence to

thirty (30) days in the Tulsa County jail, and as so modified, the judgment and sentence is affirmed.

BRETT, J., concurs.