120 N.J. Super. 458 (1972)
295 A.2d 1
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAVID A. ROSENFELD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted August 1, 1972.
Decided September 5, 1972.
*459 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Richard J. Schachter, for appellant (Messrs. Halpern, Schachter & Wohl, attorneys).
Mr. Wilbur H. Mathesius, First Assistant Prosecutor, for respondent (Mr. Bruce M. Schragger, Mercer County Prosecutor, attorney).
PER CURIAM.
Defendant was convicted as a disorderly person for violating N.J.S.A. 2A:170-29(1) by using loud and indecent language at a public meeting in a public school.
The County Court in a trial de novo found that defendant uttered loud, offensive and indecent language in a public place and that the language was of such a nature that it would likely, in the light of the gender and the age of the people present, affect the sensibilities of the hearers.
We upheld the conviction on the basis of State v. Profaci, 56 N.J. 346 (1970). The Supreme Court of New Jersey denied certification. 59 N.J. 435 (1971). On application to the United States Supreme Court, it was ordered that the judgment of affirmance be vacated and the case remanded to the Appellate Division for reconsideration in the light of Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971), and Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972). See Rosenfeld v. New Jersey, 408 U.S. 901, 92 S.Ct. 2479, 33 L.Ed.2d 321.
Based on Gooding, we have no alternative but to hold that N.J.S.A. 2A:170-29(1), as construed by our Supreme Court in State v. Profaci, is overly broad and violative of the First Amendment. Gooding states that it matters not that the words used might have been constitutionally prohibited under a narrowly and precisely drawn statute. If the statute is susceptible of application to protected expression, it must be struck down as overbroad. Here, the findings on which defendant's conviction was bottomed (use of *460 loud, offensive and indecent language at a public meeting which was likely to affect the sensibilities of a hearer), was held in Gooding to sweep too broadly.
The prosecutor argues that the language defendant used at the public meeting could also be found to be "fighting words" within the purview of Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942), and that the conviction can be sustained on a new such finding. However, as heretofore noted, Gooding clearly states that it matters not that the language used might be constitutionally prohibited under a narrowly and precisely drawn statute. If a statute, either as drawn or as authoritatively construed by the courts of the state in question, is susceptible of application to protected expression, it is overly broad and facially unconstitutional. Gooding, supra.
The judgment of conviction herein is hereby vacated and the complaint against defendant hereby dismissed. No costs.