BOWEN, Judge.
The defendant was charged by complaint with using abusive, insulting or obscene language in the presence or hearing of a girl or woman contrary to the provisions of Alabama Code 1975, Section 13-6-18. Sentence was twenty-four hours in jail and a fine of fifty dollars. On this appeal, the defendant challenges the constitutionality of the code section under which he was convicted.
A thorough reading of Lewis v. City of New Orleans, 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974), Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972), and Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971), convinces this Court that Alabama Code 1975, Section 13-6-18 is facially overbroad and unconstitutional since it is “susceptible of application to speech, although vulgar or offensive, that is protected by the First and Fourteenth Amendments," Gooding, 405 U.S. at 520, 92 S.Ct. at 1105. See Rosen v. California, 416 U.S. 924, 94 S.Ct. 1922, 40 L.Ed.2d 280 (1974); City of Columbus v. Williams, 36 Ohio St.2d 7, 302 N.E.2d 582 (1973); Brown v. Oklahoma, 492 P.2d 1106 (Okl.Cr.), vacated, 408 U.S. 914, 92 S.Ct. 2507, 33 L.Ed.2d 326, on remand, 503 P.2d 571 (Okl.Cr.1972). See also N. Dorsen, P. Bender, & B. Neuborne, Emerson, Haber, and Dorsen’s Political and Civil Rights in the United States 621-636 (4th ed. 1976).
Section 13-6-18 has been modified and succeeded by Section 13A-11-7 (effective January 1, 1980). The commentary to this new section indicates this same result.
On authority of the above cases, the judgment of the Circuit Court is reversed and rendered.
REVERSED AND RENDERED.
HARRIS, P. J., and TYSON and BOOK-OUT, JJ., concur.
DeCARLO, J., not sitting.