392 So.2d 846 (1981)
Ex parte State of Alabama ex rel. Attorney General.
(Re: Joel P. FROLIK
v.
STATE of Alabama).
No. 79-679.
Supreme Court of Alabama.
January 9, 1981.
Charles A. Graddick, Atty. Gen., and Samuel J. Clenney, III, Asst. Atty. Gen., for petitioner.
Charles C. Partin, of Stone, Partin & Granade, Bay Minette, for respondent.
PER CURIAM.
We granted certiorari to review the judgment of the Court of Criminal Appeals declaring Code 1975, § 13-6-18 facially overbroad and unconstitutional. We affirm.
The defendant/respondent, Joel P. Frolik, was charged and found guilty of using abusive, insulting or obscene language in violation of Code 1975, § 13-6-18.[1] That statute provides, in pertinent part, that:
Any person who ..., in the presence or hearing of any girl or woman, uses abusive, insulting or obscene language, shall, on conviction, be fined not more than $200.00 and may also be imprisoned in the *847 county jail or sentenced to hard labor for the county for not more than six months.
For his conviction, the defendant was fined fifty dollars and sentenced to twenty-four hours in jail.
On appeal, the Court of Criminal Appeals declared § 13-6-18 unconstitutional "since it is `susceptible of application to speech, although vulgar or offensive, that is protected by the First and Fourteenth Amendments.'" Frolik v. State, 392 So.2d 845 (Ala.Cr.App.1980). In reaching this conclusion, the court relied upon the notable United States Supreme Court decisions of Lewis v. City of New Orleans, 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974), Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972) and Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971).
We agree that, as written, § 13-6-18 is "facially overbroad" and susceptible of application to speech which is constitutionally protected; however, this, without more, does not mean that the statute cannot be saved. State statutes designed to punish spoken words can be upheld if, as authoritatively construed by the state courts, they are narrowly limited in their application to speech that is not protected under the First and Fourteenth Amendments. See, e. g., Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). See generally, Annot., 39 L.Ed.2d 925 (1975). As stated by the United States Supreme Court in Gooding, supra, at 405 U.S. 521-522, 92 S.Ct. 1106:
The constitutional guarantees of freedom of speech forbid the States to punish the use of words or language not within "narrowly limited classes of speech." Chaplinsky v. New Hampshire, 315 U.S. 568, 571 [62 S.Ct. 766, 768, 86 L.Ed. 1031] (1942). Even as to such a class, however, because "the line between speech unconditionally guaranteed and speech which may legitimately be regulated, suppressed, or punished is finely drawn." Speiser v. Randall, 357 U.S. 513, 525 [78 S.Ct. 1332, 1341, 2 L.Ed.2d 1460] (1958), "[i]n every case the power to regulate must be so exercised as not, in attaining a permissible end, unduly to infringe the protected freedom," Cantwell v. Connecticut, 310 U.S. 296, 304 [60 S.Ct. 900, 903, 84 L.Ed. 1213] (1940). In other words, the statute must be carefully drawn or be authoritatively construed to punish only unprotected speech and not be susceptible of application to protected expression. "Because First Amendment freedoms need breathing space to survive, government may regulate in the area only with narrow specificity." NAACP v. Button, supra [371 U.S.], at 433 [83 S.Ct., at 338]. [Emphasis supplied.]
The Court of Criminal Appeals could have supplied this "narrow specificity" by way of a narrowing construction. In failing to do so, it erred,[2] but the error here is not prejudicial because the statute is unconstitutional in that it makes an unwarranted gender based distinction. The statute is based, in part, upon a concern for the sensitivities of females and was designed to protect females from insult at all times. Laney v. State, 105 Ala. 105, 17 So. 107 (1897); however, these laudable concerns to protect females as a class are no longer viable in light *848 of the recent decisions of the Supreme Court of the United States. Statutory classifications that distinguish between males and females on the basis of "old notions" will no longer withstand judicial scrutiny under the Fourteenth Amendment to the United States Constitution. Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); Stanton v. Stanton, 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975).
In reaching this decision, we are not condoning the defendant's reprehensible conduct, nor are we holding that the obscene language he used did not amount to "fighting words," for which he could have been prosecuted under Code 1975, § 13-6-100.
Accordingly, the judgment of the Court of Criminal Appeals is due to be affirmed because it reaches the correct result.
AFFIRMED.
MADDOX, JONES, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C. J., and FAULKNER and EMBRY, JJ., dissent.
ALMON, J., not sitting.
FAULKNER, Justice (dissenting).
I dissent.
Joel P. Frolik was convicted of using abusive, insulting or obscene language in the presence of a girl or woman contrary to § 13-6-18, Code 1975. He was fined $50.00 and sentenced to 24 hours in jail.
Briefly, the facts are that Mr. O. L. Bodenhamer, his wife, and four year old granddaughter were traveling on U. S. Highway 98, in Baldwin County on the night of February 24, 1979. Frolik, returning from Pensacola, Florida, overtook and passed Bodenhamer. When he passed, Bodenhamer saw that Frolik's backup lights burned constantly. Bodenhamer, after Frolik passed him, flipped his lights on bright, and immediately back to dim. When Frolik had increased the distance between them, Bodenhamer placed his lights back to bright. Frolik, immediately thereafter, stopped his car in the middle of the highway and jumped out and walked to Bodenhamer's car that had stopped behind him. There, in a boisterous tone, he said, "If you don't dim your fucking headlights, you son-of-a-bitch, I am going to kick-them out." Bodenhamer advised Frolik that he should repair his backup lights. Frolik's uncouth response was, "Kiss my ass you son-of-a-bitch." Without dispute, everyone in the Bodenhamer automobile could hear Frolik's words.
The majority holds the statute unconstitutional because it makes an unwarranted gender based distinction. In other words, an uncouth person can utter filthy, profane and obscene words before females as well as males. I cannot say that I am in complete disagreement in all cases because some women can get in the gutter also and use vile language that would make a mule skinner shudder. But, here in this case, I would narrowly construe the statute and hold that its language should apply with narrow specificity to "fighting words." If Frolik's words and demeanor were not intended to incite an immediate breach of the peace, I do not know what "fighting words" are. "Fighting words" have no First Amendment protection. Thus, I would reverse the Court of Criminal Appeals and affirm the trial court.
TORBERT, C. J., and EMBRY, J., concur.
NOTES
[1] The defendant's conviction is based upon the following facts:

On the night of February 24, 1979, O. L. Bodenhamer, his wife (Virginia Bodenhamer) and his four-year-old granddaughter were in their automobile traveling west on U. S. Highway 98 in Baldwin County, Alabama. The defendant, driving a Pontiac Trans Am, overtook and passed the Bodenhamer automobile. Mr. Bodenhamer testified that when the defendant had completed the passing maneuver, he turned his automobile headlights to bright and immediately back to dim to inform the defendant that he was clear of the Bodenhamer automobile and could return to the right side of the road. As the distance between the two vehicles increased, Mr. Bodenhamer turned his headlights back to bright. When he did so, the defendant stopped his car in the road, jumped out and approached the Bodenhamer automobile. Standing at the front bumper of the vehicle, the defendant addressed abusive language to Mr. Bodenhamer and ordered him to dim his headlights. The district attorney's complaint alleged that the defendant did, "in the presence or hearing of Virginia Bodenhamer, a woman, use abusive, insulting or obscene language, to wit: `dim your fucking lights you son of a bitch, or I'll kick them out.'" These allegations were substantiated by the evidence at trial.
[2] In Brown v. Oklahoma, 492 P.2d 1106 (Okl. Cr.1971), the Oklahoma Court of Criminal Appeals was called upon to make application of a statute strikingly similar to Code 1975, § 13-6-18. The Oklahoma appellate court concluded that the statute was clearly violated under the facts before it and, therefore, upheld the defendant's conviction. Certiorari was granted by the United States Supreme Court, which vacated the lower court judgment and remanded the case for reconsideration in light of Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971), and Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972). On remand, the Oklahoma court declared the statute unconstitutional. Brown v. Oklahoma, 503 P.2d 571 (Okl.Cr.1972). This holding, however, is not what the Supreme Court mandated. It mandated reconsideration, not reversal. By way of contrast, the Louisiana courts, in Lewi's v. City of New Orleans, 263 La. 809, 269 So.2d 450 (1972), adopted a limiting construction of a state statute when the case was remanded for reconsideration in light of Gooding. Gooding would necessarily control any construction of § 13-6-18. It does not, however, mandate a finding that the statute is unconstitutional per se.