[Civ. No. 7128. Fifth Dist. Aug. 18, 1982.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
KEITH EDWIN COMMONS, Real Party in Interest.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher and James Ching, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Willard L. Weddell, Public Defender, and Michael W. Jansen, Deputy Public Defender, for Real Party in Interest.

OPINION

**THE COURT.\*—**Petitioner seeks a writ of mandate directing respondent court to deny real party's motion to suppress evidence in a criminal case.

FACTS

On August 24, 1981, Bakersfield Police Officer Molinar and his partner were on patrol in uniform in a marked police car. The officers were assigned as a "prostitution patrol." There was a problem at the time with numerous prostitutes walking the Union Avenue area in Bakersfield. The officers were assigned to contact the prostitutes and try to get them to leave Bakersfield; they were not instructed to arrest prostitutes. Since most of the prostitutes were from out of town, they often cooperated by departing.

At approximately 12:45 a.m., Officer Molinar saw real party and five or six other people standing in the parking lot of the Bakersfield Inn; all but two of this group were women.

Officer Molinar suspected the women were prostitutes because of their manner of dress; he felt his prior contact with street prostitutes enabled him to identify prostitutes. The officer also suspected real party was a pimp because he was standing with the women and the officer was aware of several pimps in the area.

As the officers approached the group, the women ran into a wing of the Bakersfield Inn and locked themselves in rooms. The officers chased the women. Real party followed behind the police.

Officer Molinar next saw real party in a hallway of the hotel wing to which the women had run. Real party was laughing very loudly. Officer Molinar felt the laughter was a disturbance.

As the police officers approached him,[1] real party started yelling very loudly. Real party said something to the effect, "You motherfuckers

---

*Before Zenovich, Acting P. J., Hanson (P. D.), J., and Martin (R. L.), J.†

[1]Officer Molinar apparently approached real party to explain the prostitution problem in the area and that the police just wanted them to leave.

†Assigned by the Chairperson of the Judicial Council.

can't fuck with me because I haven't done anything." Real party continued yelling for three or four minutes. During this period of time, several hotel doors were opened, people looked outside and then shut the door.[2]

Real party directed his obscenities to the police rather than occupants of the hotel rooms. However, Officer Molinar believed the room occupants were annoyed by real party's conduct due to the late hour and room occupants looking into the hallway.

Officer Molinar arrested real party for disturbing the peace and decided to book him for the crime. The police subsequently seized a glass vial from real party's person.

Real party moved to suppress the glass vial and subsequent police observations thereof asserting, inter alia, that he was unlawfully arrested.

Petitioner urged that the arrest was lawful because the arrest was not based on what real party said but rather the "fact that he said it loudly enough that it disturbed the other people in the Bakersfield Inn to the extent that doors were opened and people stuck their heads out."

Respondent court granted the suppression motion by minute order stating:[3] "The Court is of the opinion that the arrest in this case falls squarely within the conduct proscribed in Jefferson v. Sup. Court, 51 CA3, 721. It appears quite obvious that the Defendant was not attempting violence or advocating violence on the part of any other person.

"I do not intend by this disposition to state that I agree with either Jefferson (supra) or Cohen v. California, 403 US 15 or In Re Brown, 9 C3, 612. In my opinion, the obscene language used by the Defendant would justify an arrest. However, this Court is bound by the opinions of higher courts. See Auto Equity Sales v. Sup. Court, 57 C2, 460. When an Appellate Court says jump, the only question we can ask is, 'how high.' Accordingly, under duress from higher courts, the *Motion to Suppress is Granted.*"

---

[2]Officer Molinar knew that the women had fled to two rooms in the wing. The doors which opened were not to these two rooms.

[3]Only Officer Molinar testified at the hearing upon real party's motion to suppress evidence. It appears from the minute order that respondent court's decision was grounded upon an erroneous legal conclusion. Therefore, we presume respondent court credited the uncontradicted and unimpeached testimony of Officer Molinar. The facts stated in the text summarize that testimony.

## DISCUSSION

Penal Code section 415 provides: "Any of the following persons shall be punished by imprisonment in the county jail for a period of not more than 90 days, a fine of not more than two hundred dollars ($200), or both such imprisonment and fine:

"(1) Any person who unlawfully fights in a public place or challenges another person in a public place to fight.

"(2) Any person who maliciously and willfully disturbs another person by loud and unreasonable noise.

"(3) Any person who uses offensive words in a public place which are inherently likely to provoke an immediate violent reaction."

Petitioner relied below and relies here upon subdivision (2) of the statute to justify real party's arrest.[4] The issue before us is whether the officer had probable cause to believe real party violated subdivision (2).

In *In re Brown* (1973) 9 Cal.3d 612, 621 [108 Cal.Rptr. 465, 510 P.2d 1017], our Supreme Court construed subdivision (2) as follows: "We conclude that section 415 cannot, consistent with First Amendment rights, be applied to prohibit all loud speech which disturbs others even if it was intended to do so.

"We do not hold, however, that section 415 may never be applied to loud shouting and cheering. There is a fundamental difference between loud communications and the use of loud shouting and cheering, not to inform or persuade, but to disrupt lawful endeavors. Loud shouting and cheering designed to disrupt rather than communicate may be prohibited generally. As stated in *Giboney* v. *Empire Storage Co.* (1949) 336 U.S. 490, 502 . . ., 'it has never been deemed an abridgement of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either *spoken*, written, or printed.' (Italics added; [citations].) The use of the human voice to disturb others by the mere volume of the sound when there is no substantial effort to communicate

---

[4]*Jefferson* v. *Superior Court* (1975) 51 Cal.App.3d 721 [124 Cal.Rptr. 507], relied upon by respondent court and real party is not in point. In *Jefferson*, the defendant was arrested for violating subdivision (3) of section 415. The reviewing court did not discuss subdivision (2) which is at issue in this case.

or when the seeming communication is used as a guise to accomplish the disruption may be prohibited consistent with First Amendment guarantees.

"We are satisfied that loud shouting and cheering constitute the loud 'noise' prohibited by section 415 only in two situations: 1) where there is a clear and present danger of imminent violence and 2) where the purported communication is used as a guise to disrupt lawful endeavors."

█ Thus, the issue before us narrows to whether Officer Molinar had probable cause to believe real party's purported communication was used as a guise to disrupt lawful endeavors. We hold that he did.

Real party laughed and shouted very loudly in the hallway of a hotel at about 1 a.m. By reasonable inference, hotel residents were in fact disturbed from their rest by this commotion in the hall, as evidenced by their conduct in looking out into the hall. The loud laughter was itself disruptive and was not communicative in nature. If real party intended only to communicate with the police, he could have done so in a normal tone of voice appropriate to the hotel environment and late hour. Shouting would be appropriate if real party felt threatened by the officers and attempted to elicit help.[5] But there was no call for help, only obscenities directed toward the officers. In short, the facts support a reasonable inference that real party intended to and did create a disturbance by making loud noises, and that the purported communication was used as a guise to that end. Officer Molinar was entitled to draw such an inference from the facts known to him.

We reject real party's contention that the arrest was illegal because he was illegally detained. There is no evidence that real party was detained prior to the lawful arrest. The police had a right to talk with real party as long as he was willing to listen. Real party started shouting at the police as they approached him and apparently remained voluntarily to continue his diatribe after they reached him. There is no evidence that he was not free to leave prior to the arrest or of police conduct which would reasonably lead real party to conclude he wasn't free to leave prior to the arrest.

---

[5]As indicated in the text, we agree with petitioner's assertion at oral argument that a loud request for assistance would not be a crime.

Real party clearly was not detained prior to the time the officers approached him. His very loud laughter justified police contact to stop this disturbance. The loud shouting which commenced upon approach of the police further justified police intervention.[6]

Real party contends that the glass vial could not be searched without a warrant after it was in the control of police officers. Since respondent court did not reach this issue, we decline to do so.

Let a peremptory writ of mandate issue directing the Superior Court of Kern County to vacate its order of February 25, 1982, granting defendant Commons' motion to suppress evidence in action No. 23176, hold defendant Commons was lawfully arrested for disturbing the peace, consider the remaining issues raised by the motion to suppress evidence, and, thereafter, enter a new order deciding said motion.

Insofar as it seeks relief not granted above, the petition for writ of mandate is denied. The alternative writ heretofore issued by this court is discharged.

The stay order issued by this court on April 28, 1982, shall remain in effect until all acts directed herein have been performed, this decision is final in all courts, or the Supreme Court grants a hearing herein, whichever may first occur.

---

[6]Since real party's crime commenced prior to any detention, it is not clear that the subsequent arrest was a product of an illegal detention, assuming arguendo there was an illegal detention.