[Crim. No. 7808.  First Dist., Div. Three.  Nov. 12, 1969.]

THE PEOPLE, Plaintiff and Appellant, v.
RONALD EUGENE JAMES, Defendant and Respondent.

COUNSEL

Thomas C. Lynch, Attorney General, Michael J. Phelan and William D. Stein, Deputy Attorneys General, for Plaintiff and Appellant.

Paul Ligda, Public Defender, Jack McKibban and Stephen R. Camden, Deputy Public Defenders, for Defendant and Respondent.

OPINION

**CALDECOTT, J.**—Respondent Ronald James was charged with violating Health and Safety Code sections 11911 and 11912, and Penal Code section 4574. The respondent's motion to set aside the information under Penal Code section 995 was granted. The People appeal from this order.

Officer Dalby, of the California Highway Patrol, stopped the car driven by the respondent for speeding, and at the time noticed it did not have a current registration tag on the rear license plate. The respondent was unable to produce a driver's license or any other identification for himself or the registration for the vehicle. Respondent stated the vehicle belonged to his cousin, but he did not know her name. She had married. The record is not clear whether this last information was obtained at the scene of the arrest or later at the police station. The passenger in the vehicle did not have any identification in his possession. While respondent was sitting in the police vehicle Officer Dalby again asked him for identification. The officer saw the respondent hit his pocket and heard a jingling. Officer Dalby then reached into respondent's pocket and took some pills from the pocket. The pills were contained in a prescription bottle labeled "SOMA," and it bore respondent's name. This bottle contained Seconal, rather than "Soma" which is a nonprescription sleeping compound.

At this time Officer Dalby searched the vehicle for registration and "other storage information." He testified that at this time he intended to impound the vehicle. However, he also testified that when he searched the vehicle he did not inventory the contents. The vehicle was inventoried and stored by another officer. Under the right front seat the officer found a large bottle containing 493 capsules of amphetamine.

On the morning of December 23, 1968, Officer Savage, a jailer at the Solano County jail, received a pistol from an inmate. The inmate said that he received the pistol from another inmate, Joseph Gipson. After Gipson was advised of his rights he stated that he got the gun from a man named Ronald. Officer Mortensen of the California Highway Patrol, after again

advising respondent of his *Miranda* rights, spoke with him concerning the pistol. Respondent said that he had taken the pistol from his home on the morning of his arrest and placed it in his waistband where it was not discovered during the search when he was booked. He said that he started to tell the officers about the gun a couple of times but did not do so because he was scared. Subsequently he gave it to Gipson in an attempt to get the pistol out of jail.

Appellant contends that (1) the court erred in dismissing counts 1 and 2 as the search of respondent and the vehicle was based on probable cause, and (2) the court erred in dismissing count 3 which charged possession of a firearm in jail.

## I

The appellant contends that the search of the respondent and the vehicle he was driving was based on probable cause.

The police officer was justified in stopping the respondent for exceeding the speed limit and driving a vehicle without a visible current registration tag. (Veh. Code, § § 22351 subd. (b), 5204.) Both parties agree that apprehension for a minor traffic violation will not support a subsequent search of either the person or the vehicle. (*People* v. *Van Sanden,* 267 Cal.App.2d 662, 664 [73 Cal.Rptr. 359]; *People* v. *Moray,* 222 Cal.App. 2d 743 [35 Cal.Rptr. 432].) However, because the respondent was unable to identify himself, the police officer could lawfully arrest him in order to take him before a magistrate as provided in Vehicle Code section 40302, subdivision (a). As the arrest was lawful a search of the respondent was also lawful.

Thus the question presented is whether under the above facts a search of the vehicle was reasonable.

The law is clear that there must be compelling reasons and exceptional circumstances to justify a search of a vehicle in the absence of a search warrant. (*Virgil* v. *Superior Court,* 268 Cal.App.2d 127 [73 Cal.Rptr. 793].) "[T]he police could not search defendant's car simply on the basis of an arrest for a traffic violation. . . ." (*People* v. *Upton,* 257 Cal.App.2d 677, 682 [65 Cal.Rptr. 103].) There must be an added factor to render the search reasonable. Where there is reasonable cause to suspect the driver is guilty of auto theft a search of the vehicle can be made. As to what constitutes reasonable grounds to suspect auto theft, in *People* v. *Myles,* 189 Cal.App.2d 42 at p. 46 [10 Cal.Rptr. 733], the defendant was unable to produce a driver's license or satisfactory proof of ownership of the vehicle. In *People* v. *Nebbitt,* 183 Cal.App.2d 452 at p.

457 [7 Cal.Rptr. 8], there were no license plates or any registration in evidence. In *People* v. *Galceran,* 178 Cal.App.2d 312 [2 Cal.Rptr. 901], there was no front license plate, registration was in the name of a person other than the driver, and the form of the registration was irregular. In *People* v. *Odegard,* 203 Cal.App.2d 427 at p. 431 [21 Cal.Rptr. 515], there was no driver's license, the proof of registration was unsatisfactory, no front license plate, and the rear plate was badly damaged.

In the present case the respondent did not have a driver's license or any identification in his possession. His passenger did not have a driver's license or identification. The vehicle did not have any evidence of registration and did not have a current registration tag on the rear license plate. The respondent stated the car was owned by his cousin but he didn't know her name because she had married. It is not clear whether this statement was made at the scene of the arrest or at the police station but in any event he was unable to give the name of the owner. In the light of the above facts a search of the vehicle was reasonable.

The cases cited by respondent are distinguishable.

In *Virgil* v. *Superior Court, supra,* the defendant was stopped for reckless driving. He had a driver's license and the registration was in order. The court stated that since the defendant was arrested merely for reckless driving a search of the car was not justified.

In *People* v. *Moray, supra,* reasonable grounds for a search of defendant's automobile did not exist when he was merely being pulled over for failing to stop at a stop sign and making a left turn from the wrong lane. The defendant had a driver's license.

In *People* v. *Van Sanden, supra,* the officer arrested the defendant on outstanding traffic warrants which later proved to be nonexistent. The other traffic violations were of such a nature as to require only that defendant be given a notice to appear. Under these circumstances, the court held the search of the defendant's vehicle was not justified.

## II

Penal Code section 4574 provides, in part, "any person who, while lawfully confined in a jail . . . possesses therein any firearm . . . is guilty of a felony. . . ." During the hearing on the motion made pursuant to Penal Code section 995 the trial judge stated that "there is nothing to indicate that the Defendant voluntarily took the weapon anywhere. He was under arrest."

The respondent admitted that he was in possession of the gun when he was arrested and when searched by two officers at the jail. He stated that he

started to tell the officers about the gun but did not do so because he was scared.

The question of whether a person confined in jail can be convicted under this section for bringing a firearm into a jail even though he did not voluntarily enter the jail need not be answered at this time. It is sufficient from the facts of this case that respondent knowingly possessed a firearm while in jail, after he had ample time to surrender it to the jailer. The fact that respondent had no choice about going to jail is irrelevant. He knew he had the gun and he knew he should have turned it over to the jailer when he was booked. His subsequent attempt to get rid of the gun shows that he knew it was wrong to possess the gun while in jail. ■ "To render a person guilty of crime it is not essential to a conviction that the proof should show such person to have entertained any intent to violate law. [Citations.] It is sufficient that he intentionally committed the forbidden act." (*People v. Seale,* 274 Cal.App.2d 107 at p. 112 [78 Cal.Rptr. 811], quoting *People v. Dillon,* 199 Cal. 1, 7 [248 P. 230].) The respondent's action comes within that proscribed by Penal Code section 4574.

The order setting aside the information is reversed.

Draper, P. J., and Brown (H. C.), J., concurred.