[Crim. No. 19270. Second Dist., Div. Four. Dec. 3, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES ARIZMENDI MUNOZ et al., Defendants and Appellants.

## COUNSEL

Clifford Douglas and Arthur Cooper, under appointments by the Court of Appeal, for Defendants and Appellants.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Edward T. Fogel, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—We granted a rehearing in this case in order that we might consider the applicability of the opinion in *Coolidge* v. *New Hampshire* (1971) 403 U.S. 443 [29 L.Ed.2d 564, 91 S.Ct. 2022], to defendant Mata's conviction. That issue has been briefed and we have considered the arguments made to us. We conclude that, on the record before us, *Coolidge* does not require a reversal. Accordingly, we re-adopt portions of our former (non-published) opinion, with such changes as are required to include a discussion of the *Coolidge* issue.

Defendants, together with Manuel Munoz,[1] were charged in counts I and III with grand theft, in violation of subdivision 3 of section 487 of the Penal Code and, in counts II, IV, V and VI, with receiving stolen property, in violation of section 496 of the Penal Code. A prior felony conviction was charged against each of the appellants. Defendant Mata's motion under section 995 of the Penal Code was denied; defendant Munoz' motion was granted as to count V and denied as to the other counts. Motions to suppress, under section 1538.5 of the Penal Code, were made and denied. Trial by jury was duly waived and the case was submitted on the transcript of the preliminary examinations; defendants did not testify. Defendants' motions for acquittal, under section 1118 of the Penal Code, were granted as to counts I and III (the grand theft counts); defendants were found guilty on the remaining counts (the receiving counts). The prior alleged against defendant Munoz was found not to be

---

[1]Defendant Manuel Munoz is not a party to this appeal.

true; the prior alleged against defendant Mata was found to be true. Defendant Munoz was granted probation. Defendant Mata was denied probation and was sentenced to state prison, the term on count II to be consecutive to any time owed on a former conviction; execution of the sentences on the other counts was stayed pending the serving of the sentence on count II. Defendants have appealed from the judgments and from the order denying their 1538.5 motions. The latter order is not appealable and we dismiss that part of the appeal; we affirm the judgments.

## I

■ The case for the People was based on the theory that defendants were engaged in a large scale operation involving the theft of automobiles and stripping them for parts. There was substantial evidence to support that theory. We need not recount it in detail, but the evidence was sufficient to support the findings that the cars and parts involved in the receiving counts had been stolen, that they were found in the possession of the defendants and that each defendant knew of the stolen character of the cars and parts involved. It is true that the evidence against Munoz on the issue of knowledge was stronger than that against Mata and that the evidence of guilty knowledge was not the same as to each item involved. But the actions of defendants, as observed by the police officers, their presence at places where large numbers of stolen, stripped and mutilated cars were found, all suffice to support the theory of a joint and knowledgeable operation by both defendants.

## II

■ In the course of the police investigation, a police officer made a search of Mata's residence, in his absence. The only fruit of that search that appears in this record was testimony that he saw large quantities of possibly stolen goods and found a document indicating that Mata resided at that place. But this evidence was merely cumulative. The officers had seen, quite lawfully, many other suspicious articles, they were already well alerted to Mata's potential involvement in the ring, and they had lawfully seen Mata enter and leave the house in question. Assuming that the evidence was the fruit of an illegal search, it was non-prejudicial beyond any possibility of a doubt.

## III

■ After Mata was arrested, his car, parked a short distance away, was searched. Evidence tending to support the convictions on counts V and VI was found as a result of that search. The record supports a finding

that the officers had reasonable grounds to believe that the car was stolen and that it might contain other stolen articles. Unless *Coolidge* makes the search unlawful, it was valid under the principles laid down in *People* v. *Terry* (1969) 70 Cal.2d 410 [77 Cal.Rptr. 460, 454 P.2d 36], and in *People* v. *James* (1969) 1 Cal.App.3d 645, 648-649 [81 Cal.Rptr. 845].

■ As we read *Coolidge,* it holds that—in situations such as those involved in the case at bench[2]—an unoccupied automobile is, in essence, a container that may lawfully be searched without a warrant only on the theory that its potential mobility creates an exigent circumstance permitting such a search in order to avoid the risk that the automobile and its contents may disappear while a warrant is sought. In *Coolidge,* no such factor was found to exist. The car there in question was parked on private property; the only two persons who could be thought to have the means of moving it were either under arrest or under police surveillance: the suspect had had ample opportunity to remove any significant evidence prior to his arrest and the search. ■ In the case at bench, no opportunity to remove incriminating evidence from the car had existed, since the police had made their arrests while the gang was still at work; the police observation entitled them to believe that other members of the gang, not under arrest or surveillance, might have both the means, the opportunity and the motive to remove the car; the car was parked on a public street. On these facts, the police and the trial court were entitled to believe that the constitutionally required emergent circumstances existed. The search was valid and the evidence resulting therefrom was admissible.

## IV

■ Certain automobile registration cards and a copy of an automobile sales contract were introduced into evidence. It is contended that they were inadmissible hearsay on an issue of title. But title was not in issue. ■ An allegation that the subject of theft is "the property of" a named victim is supported by proof that the alleged victim had been in peaceful possession of the article, whether or not he had legal title (1 Witkin, Cal. Crimes (1963) Crimes Against Property, §§ 380 and 381, pp. 353-355). ■ The documents were direct evidence to show that the articles found in the possession of defendants were the same articles as those taken from the alleged victims. That is all that they needed to prove.

---

[2]We need not, and do not, here consider the effect of *Coolidge* on searches involving other factual situations, such as searches incident to lawful impounds or incident to arrests which involve an application of *Chimel* v. *California* (1969) 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034].

## V

In denying Munoz' motion for acquittal, the trial judge said: "Well, when a man is driving property that is stolen, or part of it is stolen, I think there is a prima facie case as to knowledge." It is argued that this indicates that the trial court had ignored the necessity for proof both of possession and of knowledge that the property was stolen. However, a reading of the entire record shows that the court was well aware of, and was concerned about the proof of, the element of guilty knowledge. This single comment is not enough to upset his findings, made after a full trial in which the judge clearly weighed each element, as to each defendant, as to each count.

## VI

The allegation of Mata's prior felony conviction was added by amendment, after the parties had waived jury trial. It is contended that the waiver was made, in part, in anticipation that the prior would not be alleged and that the amendment, thus, violated part of the plea bargain. But, although defense counsel objected to the amendment, neither he nor his client ever sought to withdraw the jury waiver. Instead, defense counsel agreed to the submission of the prior on the probation report. We can see no prejudice.

The judgments (order granting probation as to Munoz) are affirmed; the purported appeals from the orders denying the motions to suppress are dismissed.

Jefferson, Acting P. J., and Dunn, J., concurred.

The petition of appellant Mata for a hearing by the Supreme Court was denied January 26, 1972.