Filed 4/29/22  P. v. Yang CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C093846 |
| Plaintiff and Respondent, | (Super. Ct. No. CF201746) |
| v. | |
| KAI YANG, | |
| Defendant and Appellant. | |

Following a bench trial, defendant Kai Yang was found guilty of bringing a controlled substance into jail, possessing a controlled substance in jail, misdemeanor possession of a controlled substance, and misdemeanor intoxication in public.  On appeal, he contends his convictions for bringing a controlled substance into a jail and possessing a controlled substance in jail are irreconcilable with his conviction for being intoxicated in public and insufficient evidence supports his convictions for knowingly bringing a controlled substance into a jail and possessing a controlled substance in jail.  We affirm, but remand as explained below.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In the morning hours of August 21, 2020, Marysville Police Officer Edward Aceves responded to a call of an "unwanted subject" in front of a business. When Officer Aceves arrived at the business, he encountered defendant, with whom the officer had previous contacts. Defendant's belongings were scattered around him such that his belongings impeded use of the sidewalk and the grass area between the sidewalk and the street. Officer Aceves tried to speak to defendant, but defendant "was uncooperative. Was not listening to [his] verbal commands. Unusual behavior." Defendant appeared to have something in his hand, but did not drop the object when told to drop it. Defendant continued to be "uncooperative. He was behaving -- he was erratic. He was irrational . . . he was mumbling, repetitive body movements." Officer Aceves detained defendant for officer safety reasons and found nothing as a result of a patsearch.

Once detained, Officer Aceves noticed defendant's eyes were red and watery, and his pupils were constricted. While defendant spoke English, he also "was speaking another language. . . . Mumbled. Again, his speech was very repetitive. He was cursing . . . [Officer Aceves] was not able to understand exactly what he was replying or telling [him] or saying." Defendant appeared aware of what was going on around him. Based on defendant's conduct, Officer Aceves arrested him for being under the influence of a controlled substance.

Officer Aceves believed defendant was under the influence of a controlled substance because defendant's behavior was starkly different from his behavior while sober and because Officer Aceves had training and experience in identifying people under the influence. In Officer Aceves's interactions with defendant when defendant was sober, defendant did not exhibit repetitive body movements and he could carry a conversation with Officer Aceves. At the time of defendant's arrest, Officer Aceves did not believe defendant was able to care for his own safety. Upon arrest, defendant did not respond when asked if he was currently in possession of a controlled substance.

At the entrance of the Yuba County Jail, a sign provides: "Any person who brings a controlled substance, alcohol or drug paraphernalia into the jail facility is in felony violation of [sections] 4573 and 4573.5 of the Penal Code."[1] Yuba County Sheriff Deputy Byron Bugarin booked defendant into jail after defendant walked past the sign. Deputy Bugarin noticed defendant was "a little out of it; but still able to talk," although defendant was "incoherent." Deputy Bugarin asked defendant whether "he had anything on him that he was not supposed to [have] or anything that he did not want to bring to the jail; and [defendant] stated no." When searching defendant, Deputy Bugarin found approximately 5.8 grams of methamphetamine in a cigarette pack on defendant's left leg.

At defendant's bench trial, he testified he sat on the sidewalk near the business the afternoon before his arrest because it was hot and he was thirsty. He rested on the sidewalk until the employees of the business left for the night. He decided to sleep in front of the business overnight because of the safety the security camera offered. Defendant recalled being arrested and searched by Officer Aceves. Defendant further recalled telling Officer Aceves that he had been asleep and was dehydrated and thirsty. Defendant testified Officer Aceves did not ask him whether he was in possession of a controlled substance.

Defendant also recalled being taken to the Yuba County Jail, but did not recall seeing a sign warning him against bringing a controlled substance into the facility. Defendant testified during booking, Deputy Bugarin did not ask him whether he was in possession of a controlled substance; Deputy Bugarin instead asked only whether he was in possession of needles.

Defendant testified he did not know he was in possession of methamphetamine at the time of his arrest because he did not remember it was in the cigarette pack. It took

---

[1]     Further section references are to the Penal Code unless otherwise indicated.

defendant two months to put the event in perspective to see things more clearly, even though everything was still fuzzy. Defendant admitted he was intoxicated and "out of it," which he described as him doing irrational and embarrassing things. Defendant testified he had previously been convicted of a strike offense.

The court found defendant guilty of bringing a controlled substance into jail and possessing a controlled substance in jail, as well as found true the strike allegation attached to these counts. The court found the jail had "the sign posted as required by both statutes. And there is sufficient evidence [defendant] was aware of the physical presence of the contraband. And also of the narcotic character of it. He had the dual knowledge as required by the case law in this matter." The court further found defendant guilty of misdemeanor possession of a controlled substance and being intoxicated in public.

The court sentenced defendant to the low term of two years, doubled to four years because of defendant's prior strike conviction for bringing a controlled substance into jail. The court imposed the same sentence for possessing a controlled substance in jail and imposed one year for defendant's misdemeanor conviction for possessing a controlled substance. Both foregoing sentences were stayed pursuant to section 654. The court further imposed a concurrent sentence of 180 days for defendant's conviction for being intoxicated in public.

Defendant appeals.

DISCUSSION

I

*Defendant's Verdicts Can Be Reconciled*

Defendant contends the court delivered irreconcilable verdicts by finding him guilty of being intoxicated in public and also guilty of knowingly bringing a controlled substance into jail and knowingly possessing a controlled substance in jail. Defendant argues the court's findings are in conflict because its finding that defendant was unable to

4

care for his safety necessarily negated its finding defendant had knowledge he possessed a controlled substance. We disagree.

Defendant argues his case is like *Novo* and *Bales*, cases in which the courts found insufficient evidence to support convictions based on the acquittal of the defendants on other charges. (*People v. Novo* (1936) 12 Cal.App.2d 525; *People v. Bales* (1946) 74 Cal.App.2d 732.) In *Novo*, the court concluded the defendant was entitled to have his assault conviction reversed because the jury found him not guilty of first degree burglary, which was premised on a theory the defendant committed an assault during the commission of a burglary. The jury instead found him guilty of second degree burglary, which did not require an assault finding. Because the facts were such that the jury necessarily found defendant did not commit assault when finding him guilty of second degree burglary, the jury's assault conviction based on the same facts could not stand. (*Novo*, at pp. 526-529.) In *Bales*, the court concluded the defendant was entitled to have his conviction for forcible rape reversed because the jury found him not guilty of kidnapping, thereby rejecting the only evidence of force presented at trial. (*Bales*, at pp. 732-733.) Defendant's reliance on *Novo* and *Bales* is misplaced.

The principal problem with defendant's argument is the trial court did not need to find defendant unable to care for his safety to find him guilty of being intoxicated in public. For defendant to be found guilty of being intoxicated in public, the trier of fact needed to determine he was *either* unable to care for his safety or obstructed free use of a sidewalk. (§ 647, subd. (f); *People v. Lively* (1992) 10 Cal.App.4th 1364, 1368-1369.) Evidence was sufficient to convict defendant on either of these theories based on Officer Aceves's testimony pertaining to defendant's behavior and defendant's placement of items on the sidewalk. The finding defendant was intoxicated in public based on his obstruction of a sidewalk does not necessarily negate the finding defendant knew he possessed methamphetamine when he entered the Yuba County Jail.

5

Moreover, even if defendant's conviction for being intoxicated in public was based on the theory he could not care for his or another's safety, that finding is not legally irreconcilable with a finding defendant knew he possessed a controlled substance when entering a jail, contrary to defendant's contention. To find a defendant is unable to care for his own safety or the safety of others, the fact finder must consider the totality of the circumstances. (*People v. Lively*, *supra*, 10 Cal.App.4th at pp. 1372-1373.) A police officer's testimony a defendant staggered, was very unsteady on his feet, slurred his speech, and had bloodshot eyes and a strong odor of an alcoholic beverage on his person is substantial evidence a violation of section 647, subdivision (f) occurred. (*In re William G.* (1980) 107 Cal.App.3d 210, 214.) Sections 4573, subdivision (a) and 4573.6, subdivision (a), make it a felony for any person to knowingly bring into a jail or possess in a jail any controlled substance he is not authorized to possess. The statutes do not require specific intent to smuggle drugs into jail. (*People v. Low* (2010) 49 Cal.4th 372, 386.) Instead, "the act that must be 'knowingly' performed . . . involves entering a prison or jail in the possession of a controlled substance." (*Ibid.*) This "simply requires an awareness of both its physical presence and narcotic character." (*Ibid.*)

Comparing these two standards, it is clear a finding the defendant is unable to care for his or another's safety is not based on a finding the defendant is so incoherent he lacks awareness of his surroundings or the content of his possessions. Because the legal findings required for a violation of section 647, subdivision (f) are not irreconcilable with the legal findings required for violations of sections 4573, subdivision (a) and 4573.6, subdivision (a), the verdicts can be reconciled and defendant's reliance on *Novo* and *Bales* is misplaced.

## II

*Sufficient Evidence Supports The Finding Defendant Knew He Brought*
*A Controlled Substance Into Jail And Possessed A Controlled Substance In Jail*

Defendant contends the prosecution's reliance on the sign outside the jail warning arrestees not to bring controlled substances into the jail was insufficient to prove defendant had the requisite knowledge to be guilty of bringing a controlled substance into jail and possessing a controlled substance in jail. We find sufficient evidence was presented demonstrating defendant's knowledge.

In determining a sufficiency of the evidence claim, "we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence -- that is, evidence that is reasonable, credible, and of solid value -- from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] We presume every fact in support of the judgment the trier of fact could have reasonably deduced from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] 'A reviewing court neither reweighs evidence nor reevaluates a witness's credibility.' " (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)

In *Low* and *Gastello*, our Supreme Court held the offense of knowingly bringing narcotics into jail requires only knowledge of the presence and nature of the narcotics and does not require any intent to carry the narcotics into the jail. (*People v. Low* (2010) 49 Cal.4th 372, 386; *People v. Gastello* (2010) 49 Cal.4th 395, 402-403.) The language of section 4573.6, prohibiting the knowing possession of a controlled substance in jail, is materially similar to the bringing a controlled substance into jail offense, and also requires only knowledge of the presence and nature of the narcotic. In *Gastello*, the defendant possessed methamphetamine when he was arrested and transported to jail. (*Gastello*, at pp. 398-399.) On the way, the transporting officer warned him that

7

possession of narcotics in jail would be a felony. (*Id*. at p. 399.) Defendant responded, "[Y]es." (*Ibid*.) The methamphetamine was discovered during booking, and his conviction for bringing narcotics into jail was proper. (*Id*. at pp. 399, 402-403.) The circumstances in *Low* were almost identical, but in *Low*, the transporting officer asked the defendant if he had narcotics and he denied having any. (*Low*, at p. 377.) Again, the conviction was proper. (*Id*. at pp. 375-377, 393.)

Here, defendant testified he forgot he had put methamphetamine in a cigarette pack and put it in his pants. Through this testimony, defendant conceded he knew the substance in the cigarette pack was methamphetamine and he knew he had put it in his pants. This is sufficient to sustain a finding of knowledge; that is, defendant knew of the presence and nature of a controlled substance on his person. (See *People v. Low*, *supra*, 49 Cal.4th at p. 386.)

Defendant also challenges the sufficiency of the evidence supporting the inference he brought a controlled substance into the jail on the basis he was never given an opportunity to relinquish the drugs before entering the jail. Our Supreme Court also touched upon this argument in *Low* and held, "To the extent we now conclude that the act prohibited by section 4573 can occur when someone is brought into jail in custody for another crime, this interpretation is consistent with cases deciding what it means to 'bring[]' contraband into a penal setting in violation of similar statutory prohibitions. (E.g., *People v. Ross* (2008) 162 Cal.App.4th 1184, 1187-1189 . . . [holding that defendant who carried knife in her undergarments, and who denied having it when arrested and booked for assault, violated § 4574[, subd. ](a) despite her claim that she did not voluntarily enter jail or commit affirmative act of bringing weapon inside]; *People v. James* (1969) 1 Cal.App.3d 645, 650 . . . [similar conclusion under same statute as to defendant who kept pistol hidden in his waistband during booking search, and who later gave it to another jail inmate].) The critical factors are the lack of any compulsion to bring contraband inside, and the rejection of a clear opportunity to avoid doing so by

8

voluntarily relinquishing the forbidden object or substance before entering the premises. (*Ross*, *supra*, 162 Cal.App.4th at p. 1191 [defendant 'had no choice whether to go to jail, but she was afforded the choice not to violate section 4574']; *James*, *supra*, 1 Cal.App.3d at p. 650 [defendant 'knowingly possessed a firearm while in jail, after he had ample time to surrender it,' such that his 'choice about going to jail is irrelevant'].) We agree that such volitional conduct falls within the parameters of section 4573." (*People v. Low*, *supra*, 49 Cal.4th at p. 384.)

The record does not support defendant's argument he was not afforded an opportunity to relinquish the methamphetamine before going to jail. Officer Aceves testified he asked defendant if he was in possession of a controlled substance and defendant did not answer the question. Further, Deputy Bugarin testified he asked defendant during the booking process whether he possessed contraband and defendant said no. Officer Aceves's and Deputy Bugarin's testimony is fatal to defendant's appellate claim of insufficient evidence. (See *People v. Young* (2005) 34 Cal.4th 1149, 1181 ["unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction"].) While defendant claimed to have not seen the sign outside the jail, the trial court was free to reject that contention considering the evidence. Officer Aceves testified defendant appeared to be aware of his surroundings, as did Deputy Bugarin. Defendant walked past the sign when brought into the jail, and the trial court saw pictures of the sign and the context in which defendant would have seen it.

In a related argument, defendant contends, to the extent the People rely on *People v. Berg* (2018) 23 Cal.App.5th 959 to argue defendant's intoxication is irrelevant to his knowledge, *Berg* was wrongly decided. The People, however, did not rely on *Berg* when asserting their argument nor did the People argue defendant's intoxication should be ignored when deciding whether sufficient evidence supports his convictions. Indeed, even when considering defendant's intoxication, sufficient evidence supports his

conviction. Defendant testified he put methamphetamine in a cigarette pack and then put the pack in his pants. In essence, defendant admitted to knowing he possessed a controlled substance. He further testified Officer Aceves never asked him if he possessed a controlled substance and Deputy Bugarin asked him only whether he possessed needles. This testimony was contradicted by Officer Aceves's and Deputy Bugarin's testimony, both of whom testified they separately asked defendant if he was in possession of illegal substances. Defendant did not testify he was so intoxicated he lacked all awareness of his surroundings or failed to understand the questions being asked of him; instead, he just disagreed about the specific questions posed to him. The court was free to reject defendant's testimony as not credible. "We neither reweigh the evidence nor reevaluate the credibility of witnesses. [Citation.] We presume in support of the judgment the existence of every fact the jury reasonably could deduce from the evidence." (*People v. Jennings* (2010) 50 Cal.4th 616, 638-639.) Here, it was reasonable for the court to conclude defendant knowingly brought a controlled substance into jail and possessed a controlled substance in jail despite the fact he was heavily intoxicated at the time of his arrest and booking. Accordingly, sufficient evidence supports defendant's convictions.

III

*Remand Is Appropriate*

At the time defendant was sentenced, former section 654, subdivision (a) provided: "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (Stats. 1997, ch. 410, § 1.) Assembly Bill No. 518 (2021-2022 Reg. Sess.), which went into effect January 1, 2022, amended section 654 to allow trial courts to exercise discretion in choosing the count for which it will impose punishment, rather than requiring imposition of the longest potential term of imprisonment. (Stats. 2021, ch. 441, § 1.) Section 654, subdivision (a) now provides:

10

"[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions . . . ." Because defendant's case is not yet final, he is entitled to the benefits of amended section 654 pursuant to the principles of retroactivity established in *Estrada*. (*In re Estrada* (1965) 63 Cal.2d 740; see *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303.)

Remand is thus appropriate.

## DISPOSITION

The case is remanded for the trial court to exercise its discretion in deciding which terms to stay pursuant to section 654 (as amended by Stats. 2021, ch. 441, § 1). The judgment is otherwise affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Hoch, J.

/s/
Krause, J.